544 So.2d 286 (1989)
Candi Lee ANTONETTI, Appellant,
v.
Lorenzo AMATO, Appellee.
No. 89-642.
District Court of Appeal of Florida, First District.
May 24, 1989.
*287 Margaret A. McCall of Ervin, Varn, Jacobs, Odom & Ervin, Tallahassee, for appellant.
Frank E. Sheffield, Tallahassee, for appellee.
BARFIELD, Judge.
We reverse the nonfinal order granting the father temporary primary physical residence of the minor child until final order on his petition for modification of child custody, because it was not based upon a finding, supported by competent evidence, of a substantial change in the parties' circumstances since they entered into their agreement concerning custody of the child, nor upon a finding, supported by competent evidence, that the change in custody was necessary to protect the child from abuse, mistreatment or other neglect. See cases construing sections 61.13 and 61.1308(1)(c), Florida Statutes Annotated. On remand, the trial court shall order the father to immediately return the child to the custody of her mother, and to pay all travel expenses incurred in her return.
Before proceeding further with this litigation, the parties and the trial court shall comply with all the requirements of the Uniform Child Custody Jurisdiction Act (UCCJA), as set out in sections 61.1302-61.1348, Florida Statutes (1987). The parties shall give each other reasonable notice and opportunity to be heard, sections 61.131 and 61.1312, and shall file the "information under oath" required by section 61.132.
The trial court shall comply with the requirements of section 61.1314(2). Before hearing, it "shall examine the pleadings and other information supplied by the parties under s. 61.132 and shall consult the child custody registry established under s. 61.1334 concerning the pendency of proceedings with respect to the child in other states," and if it has reason to believe such proceedings may be pending, it "shall direct an inquiry to the state court administrator or other appropriate official of the other state." It shall also comply with the requirement of section 61.1314(3) that, upon being informed that such a proceeding was pending in another state before it assumed jurisdiction, "it shall stay the proceeding and communicate with the court in which the other proceeding is pending, to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with ss. 61.134-61.1346."
If, after fully complying with these statutory requirements, the trial court determines that it will exercise jurisdiction over the father's motion for modification of child custody and support, it shall outline in its order disposing of the motion the grounds for its exercise of jurisdiction and the pertinent statutory authority for that jurisdiction.
The trial court shall make specific findings with respect to whether the child had a "home state" as defined in sections 61.1306(5) and 61.1308(1)(a) at the time the father filed his motion for modification of custody, and if so, whether the child's "home state" at that time was Florida or New York. The court shall also make specific findings regarding whether the New York court was exercising its authority in substantial compliance with the UCCJA when the father filed his motion in Florida for modification of custody, and whether it is appropriate that the Florida court therefore decline to exercise jurisdiction over this matter under section 61.1314, because of the New York proceedings.
The court shall determine whether, at the time the father filed his motion for modification, he had retained the child beyond the visitation period to which the parties had agreed, without the mother's permission, *288 and whether it is appropriate that the court therefore decline to exercise jurisdiction over this matter under section 61.1318. The court shall also determine whether it is appropriate that it decline to exercise jurisdiction over this matter under section 61.1316, because Florida is an inconvenient forum or because New York is a more appropriate forum.
REVERSED and REMANDED for further proceedings in accordance with this opinion.
BOOTH and WIGGINTON, JJ., concur.