668 So.2d 307 (1996)
Joseph S. GARONE, Appellant,
v.
Donna PARKS, Appellee.
No. 95-3776.
District Court of Appeal of Florida, Fourth District.
February 21, 1996.
Diane H. Tutt of Diane H. Tutt, P.A., Plantation, for appellant.
No brief filed for appellee.
KLEIN, Judge.
Appellant husband appeals a non-final order allowing his wife to relocate to California with the couple's children during the pendency of dissolution proceedings. Although husband notified this court after the filing of his brief that his wife and children had moved back to Florida, he urges us to address the propriety of the order allowing relocation prior to final judgment, because it could occur again in this case.
In May 1995, in a dissolution action, the wife filed a verified motion seeking permission for her and the children to relocate to California, alleging, among other things, that she would have a better employment situation *308 there. The trial court granted the motion without an evidentiary hearing. The husband appealed to this court, and obtained a stay, but apparently at that point the wife and children were already in California. After the briefs were filed, the wife's counsel confessed error and we reversed for the trial court to conduct a hearing. Garone v. Parks, 658 So.2d 681 (Fla. 4th DCA 1995).
At the September 1995 evidentiary hearing, a different trial judge found himself confronted with the fact that the wife and children were somewhat settled in California. After hearing the evidence and discussing the factors to be considered in determining relocation under Mize v. Mize, 621 So.2d 417 (Fla.1993), the court was quite skeptical about the wife's motives for moving as well as the husband's reasons for opposing the move. Although the court made no written findings regarding the Mize factors, his oral analysis of the evidence makes it clear that he would not have allowed the move if the wife and children were still living in Florida. As is understandable, however, he was reluctant at this point to order them back to Florida, and left things as they were. Husband appeals that order and an order holding him in contempt.
Although we are now informed that the wife and children have returned to Florida, we address the propriety of the court having allowed relocation prior to final hearing, since it could occur again in this case.
The husband takes the position that relocation should never be allowed prior to final hearing, except under the most exigent circumstances, such as where a child has a serious and unusual health problem which would require long-term medical care at a distant hospital. Although we have no trouble concluding that relocation should not have been allowed in this case, we do not agree with the husband that it should practically never be allowed. He has cited no authority, or given us any other reason why, if the Mize factors have been established to the satisfaction of the court, relocation cannot be allowed prior to final hearing.
As this case demonstrates, however, an ill-conceived order allowing relocation prior to trial is not easily rescinded by the trial court on final hearing, nor by an appellate court on review of the non-final order. Unlike modification of an order determining temporary support or visitation, reversal of an order under which a spouse and children have already relocated, albeit improperly, may not at that point be in the best interests of the children. We therefore emphasize that any contested decision on relocation made prior to final hearing must have the same factual basis as would be necessary to support a provision permitting relocation in a final judgment.
Because the wife and children have now returned to Florida, it is unnecessary for us to address the issue of whether the trial court did the right thing in allowing the wife and children to remain in California following the evidentiary hearing. We do agree with the husband that the evidence presented after our reversal would not have justified relocation in the first place, and if the wife again seeks to relocate she would have to demonstrate that it is warranted under Mize.
We have considered the husband's arguments in regard to his having been held in contempt and find them to be without merit.
Affirmed.
DELL and STEVENSON, JJ., concur.