GLICKSTEIN, Judge.
This is an appeal from an order denying a motion to dissolve a temporary injunction. We reverse in part and remand because the ex parte injunction was entered solely on the basis of an acknowledged but unsworn pleading and a so-called affidavit, similarly un-sworn but acknowledged.
On remand the trial court is directed to consider appellant’s motion to dissolve as a motion to relocate. We affirm the trial court’s appointment of a guardian ad litem for the parties’ twelve-year-old daughter.
The parties’ marriage having been dissolved, they subsequently stipulated in 1989 to a variety of matters such as summer and other visitations with appellee, pre-school and counseling for themselves. Paragraph eight provided:
8. The parties agree that the minor child may go to Disney World or the Florida Keys with either parent during vacation. Neither party shall remove the child from the state of Florida for any reason without Court order.
Appellant having remarried, her new husband was offered employment in Texas. That marriage has produced another child. Appellee has also remarried. His ex parte jump start to prevent appellant’s relocation to Texas may have precluded appellant’s filing a motion to seek approval. However, both parties may have contributed to the uneven handling of this matter as the trial court expressed concern that appellant had not sought the court’s decision on relocation prior to appellee’s initiating his motion.
Having said all of the foregoing, we turn to the trial court’s evidentiary hearing on appellant’s motion to dissolve. It heard testimony from the parties and appellee’s wife but failed to rely upon Mize v. Mize, 621 So.2d 417 (Fla.1993), as its guide. Further, although Garone v. Parks, 668 So.2d 307 (Fla. 4th DCA 1996), provided authority for it to proceed to conclusion, the trial court declined to rule upon the merits, opting for a final hearing.
As matters now stand, the evidentiary hearing took place on June 30th, when Mize governed. On July 1, 1997, one day thereafter, section 61.13(2)(d), Florida Statutes (1997), became effective. Accordingly, Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352 (1994), now directs the effect of substantive and procedural or remedial statutes on further proceedings in this matter.
We deny both motions for attorney fees and urge speedy and inexpensive resolution in the best interests of the parties’ daughter. Hopefully, the trial court can make its determination upon receipt of the guardian ad litem’s report without litigious exacerbation of the single issue. The holding of Garone implicitly encourages speedy and nonvexa-tious resolution of relocation matters. School bells will not wait.
SHAHOOD and GROSS, JJ., concur.