775 So.2d 357 (2000)
Haroon-Pascal MIAN, Appellant,
v.
Alyce Sabrina Grant MIAN, Appellee.
No. 2D00-1331.
District Court of Appeal of Florida, Second District.
October 25, 2000.
Virginia R. Vetter and Nilo J. Sanchez, Tampa, for Appellant.
*358 Mark Schleben, Clearwater, for Appellee.
CASANUEVA, Judge.
Haroon-Pascal Mian, the father in this dissolution action, has asked us to review the trial court's order granting the mother, Alyce Sabrina Grant Mian, temporary custody of their seven-year-old daughter. His primary contention is that the trial court abused its discretion by failing to consider the statutory relocation factors found in section 61.13(2)(d), Florida Statutes (1999). Because the trial court did not abuse its discretion in awarding temporary custody of the daughter to the mother, we affirm.
At the time of the hearing in this case, and, in fact, before the father filed a petition for dissolution, the mother had taken her daughter with her to Atlanta to stay with friends. The mother, who had recently obtained her M.B.A., was unemployed (as was the father) and made this temporary move to Atlanta so she could have a place to live and a computer to work on while she did a nationwide search for a job. Perhaps partly to escape what the trial judge found was a "volatile" marital relationship, the mother removed her daughter from the marital home without the father's knowledge or permission. The father reacted by seeking, successfully, an ex-parte order requiring the mother to return the child to Florida. Although the trial court entered a pick-up order for the child, it was never executed. The mother then filed a motion to dissolve the ex-parte order, in which she also requested that the court grant her the primary residential care of the child, permit the child to remain with her in Georgia, and allow the father supervised visitation.
At the hearing on this matter on December 17, 1999, and in the written order, the trial judge stated that she did "not consider the issue to be of relocation but that of temporary custody and the best interest of the minor child." There is logic to this conclusion in that the mother, when she removed the child to Georgia, was never under any court order requiring her to remain in Florida. Furthermore, she moved prior to the filing of dissolution papers, so the mother might have reasonably assumed that she need not petition a court to take the child away.[1] There was no evidence that she had kidnaped her child or attempted to keep her whereabouts unknown to the father. Nevertheless, the fact is that she did "relocate" from Florida to Georgia at a time when the marriage was crumbling.
In spite of the trial judge's logical reasoning concerning the effect of predissolution relocation, we find that it is necessary for a trial judge to consider the relocation factors at the earliest opportunity because of the wide-ranging and intense ramifications that moving can have upon the best interest of the child. Thus, as the Fourth District noted in Garone v. Parks, 668 So.2d 307, 308 (Fla. 4th DCA 1996), if a parent's act of taking the child away from the marital jurisdiction ultimately is revealed not to have been a wise decision, it is difficult for either a trial court or an appellate court to rectify the situation. The Garone court therefore concluded that "any contested decision on relocation made prior to final hearing must have the same factual basis as would be necessary to support a provision permitting relocation in a final judgment." Id.
In this case, however, we find no abuse of discretion by the trial court. Section *359 61.13(3), Florida Statutes (1999), requires a trial court, in deciding shared parental responsibility and primary residence, to evaluate "all factors affecting the welfare and interests of the child" to determine the child's best interest. The list of those factors, in section 61.13(3)(m), includes "[a]ny other fact considered by the court to be relevant." In this case, the fact that the mother had relocated with the child was relevant, and the trial judge did in fact consider the issue at the hearing in spite of her conclusion that this was not a "relocation" case.
Although it would have been preferable for the trial judge to have specifically addressed each statutory factor, we find that her failure to do so did not constitute an abuse of discretion. The record demonstrates that the trial judge considered fully the best interests of the child, including the effects of the temporary move to Atlanta on the child, the visitation schedule, and the expense to both mother and father. We are convinced that the decision to award temporary custody to the mother was correct and would not have been different had the judge discussed each enumerated section of the statute in turn.[2]
Accordingly, we affirm the order granting temporary custody to the mother and dissolving the order on ex-parte emergency motion for child pick-up order and other relief.
ALTENBERND, A.C.J., and GREEN, J., Concur.
NOTES
[1] In O'Neill v. Stone, 721 So.2d 393, 395 (Fla. 2d DCA 1998), our court addressed whether section 61.13(2)(d), Florida Statutes (1997), would require a custodial parent to ask for court approval prior to relocating but declined to decide that issue. The court did find, however, that when the mother in that case filed an emergency motion to set aside a pick-up order (as did the mother in this case), the "relocation issue was then before the court for determination" and it "was incumbent upon the trial court to consider the factors set forth in section 61.13(2)(d)." Unlike in the situation in this case, however, the parent in Stone was not attempting to relocate prior to the filing of the dissolution papers.
[2] Although requiring the court to consider the statutory factors, section 61.13(2)(d) does not require the court to make specific record findings in regard to relocation. See Hardwick v. Hardwick, 710 So.2d 124 (Fla. 4th DCA 1998). The trial court's order in this case is thus not reversible for failure to make such written findings.