828 So.2d 470 (2002)
Tina Irene BINI, Appellant,
v.
Bruno Carlos BINI, Appellee.
No. 5D02-958.
District Court of Appeal of Florida, Fifth District.
October 18, 2002.
*471 Billy Thomas, West Melbourne, for Appellant.
Rachel R. Bachand, of Rachel R. Bachand, P.A., Cocoa, for Appellee.
PLEUS, J.
This is a post-dissolution child custody dispute wherein the mother, the primary custodial parent, moved with the children to the state of New Mexico without obtaining an adjudication regarding a modification of the father's visitation schedule of two nights per week and every other weekend. The trial court granted temporary custody of the children to the father after the mother, in defiance of a previous order of the court to either move back to Brevard County, Florida or leave the children with the father there, chose to stay in New Mexico with the children.
This court has jurisdiction of the matter as an order determining the custody of children. Fla. R.App. P. 9.130(a)(3)(C)(iii). We affirm the order transferring custody temporarily. However, if a hearing on permanent custody has not taken place during the pendency of this appeal, such a hearing is to take place forthwith.
The parties dissolved their marriage in 1999. Two children were born of the marriage, Victoria in 1992, and Haley in 1995. On July 10, 2001, the father filed a petition to modify the final judgment of dissolution and an emergency motion for contempt, enforcement and temporary relief. In this petition, the father alleged the mother "moved the children outside of the State of Florida to New Mexico clandestinely without court approval or knowledge of the [father]". In addition to seeking a change of custody in his favor, the father sought the immediate relief of having the children returned to Brevard County, Florida. On August 30, 2001, following a hearing held on the matter August 24, the trial court ordered and adjudged that the children's home state was Florida and that the mother had seven days to return the children to Brevard County, Florida. If she did not, the father was to file an affidavit stating so, and upon filing of this affidavit, the court would enter an order authorizing the father to pick up the children in New Mexico.
The mother returned the children to Brevard County and left them with the father for the next four months while she returned to New Mexico. In December, the parties entered into an agreement providing for the children to fly to New Mexico for the children's Christmas vacation. The parties further stipulated that the mother "shall return the minor children to Brevard County to the Former Husband on January 7, 2002." The mother's attorney signed the agreement on her behalf.
The mother did not return the children as promised. On January 8, 2002, the father filed another emergency motion for contempt and enforcement. On January 30, 2002, the court heard the father's motion and on February 11, 2002, entered another order requiring the mother to return to and reside in Brevard County, *472 Florida, within 14 days or face the consequence of an order permitting the father to pick up the children and granting him temporary custody "until further order of this court or until the [mother] returns and resides in Brevard County on a continuous basis". With apparently neither the mother nor the children back in Florida, the trial court on February 26, 2002, entered an order authorizing the father to pick up the children in New Mexico. The order also specified that the children shall reside in Brevard County and that the father has temporary custody "pending further hearing in this cause." The mother challenges this order as having been entered purely as punishment for her failure to abide by court orders and further having been entered on insufficient notice.
In Crippen v. Crippen, 508 So.2d 1339 (Fla. 4th DCA 1987), the mother moved with the parties' children to the state of New York in violation of a provision of the dissolution judgment. Once in New York, she petitioned the trial court for permission for the move. In subsequent proceedings, the lower court found the mother in contempt on three occasions for failure to permit visitation. The father filed a petition for a change of custody. The mother did not appear at this hearing personally but appeared through counsel. The father testified of various instances in which his visitation attempts were frustrated. The trial court, solely on the basis of the father's testimony, changed custody to the father. The appellate court, in reversing, found that the mother's frustration of visitation could not serve as the sole reason for changing custody and that there must be evidence presented that the change of custody is in the best interests of the child. See also Begens v. Begens, 617 So.2d 360 (Fla. 4th DCA 1993) (holding that custody cannot be changed purely as punishment for frustration of visitation).
In the instant case, in ordering a temporary transfer of custody to the father, the court noted: "Since the Former Wife has refused to return to live in Brevard County, the Former Husband shall have temporary custody of the children pending further hearing in this cause." The court, unlike as in Crippen and Begens, was not changing custody purely as punishment for frustrating visitation, but was mainly prohibiting the mother from violating the court's prior orders by taking off to the state of New Mexico with the children during the pendency of the custody proceedings without first seeking and obtaining court approval. Furthermore, in contrast to the scenario in either Crippen or Begens, the transfer of primary custody to the father was specifically denominated as "temporary," pending further hearing in the cause.
In the case of Fee v. Usler, 761 So.2d 361 (Fla. 5th DCA 2000), this court discussed the factors that should be considered by a court in making a temporary change of custody award:
The showing necessary to effectuate a temporary change of custody was explained by this court in Wilson v. Roseberry, 669 So.2d 1152 (Fla. 5th DCA 1996):
In order to prevail on a request for a temporary modification of custody, the moving party must meet the burden of proving that (1) a substantial change in the condition of one or both of the parties has occurred, and (2) the best interests of the child will be promoted by the change. Antonetti v. Amato, 544 So.2d 286, 287 (Fla. 1st DCA 1989). Our court has explained that in order to conduct a proper inquiry into these two issues, both parties must generally be given the opportunity for a full hearing where the parties and their witnesses are given *473 an opportunity to testify. Vazquez v. Vazquez, 626 So.2d 318, 319 (Fla. 5th DCA 1993).
Id. at 1154.
The Wilson court recognized, however, that entry of an emergency ex parte order temporarily changing custody might be warranted under certain circumstances, such as where "a child is threatened with physical harm or is about to be improperly removed from the state." Id., citing Gielchinsky v. Gielchinsky, 662 So.2d 732, 733 (Fla. 4th DCA 1995). However, the court noted that "the trial court should make every reasonable effort to allow both parties to be heard prior to issuing an emergency modification order." Wilson, 669 So.2d at 1154. Where prior notice is not possible, the Wilson court stated that "an opportunity to be heard should be provided as soon thereafter as possible." Id. Orders entered without such a showing and without adequate notice to the opposing party to present evidence on these issues are consistently reversed, in the absence of evidence of a sufficient emergency.
(Emphasis added). Fee, 761 So.2d at 364. In the instant case, the mother took the children out of the jurisdiction without first obtaining permission to do so. While the parties' dissolution judgment itself did not prohibit out-of-state residence modifications, the parties did enter into a stipulation pre-final judgment which specifically prohibited such a move and this stipulation had been approved by the trial court. Further, in the Fall of 2001, the mother returned the children to the state of Florida after the father, that previous summer, obtained an order requiring her to either do so or return to Florida herself. At Christmas, the father agreed to let the mother have the children during the Christmas holiday. When the mother failed to return the children to Florida after the holiday, she was in violation of the previous order to either move back to Brevard County, Florida or send the children back to the father. By her actions, the mother completely frustrated and stifled the father's extensive visitation consisting of every Monday and Tuesday, and alternating weekends.
The instant case falls within the exception of a true emergency involving an improper removal of the children from the state. Hence, the normal burden on the party seeking custody to show a substantial change in circumstances and that the custody transfer is in the child's best interests did not need to be met in this case.
Additionally, the order changing custody was not entered ex parte. A hearing on the matter, scheduled by counsel for both parties, was had on January 30, 2002. Both parties had an opportunity to present their case. While the untranscribed hearing does not appear to have been a full hearing on the children's best interests, it was a noticed hearing, which was held on the emergency condition of the children having been improperly removed from the state, an emergency created by the mother's actions. Under the circumstances, we find sufficient notice was given.
We affirm the trial court's decision granting temporary custody of the children with the father. It is clear, however, that a further hearing, if same has not already taken place, is necessary in this matter for resolution of permanent custody. Issues to be considered likely will include whether, in accordance with the statutory criteria of section 61.13(2)(d), a relocation of the primary custodian with the children is in their best interests, and whether, in consideration of the statutory criteria of section 61.13(4)(c), permanent *474 custody should be transferred to the father.
AFFIRMED; REMANDED FOR A HEARING ON PERMANENT CUSTODY.
COBB and SHARP, W., JJ., concur.