845 So.2d 246 (2003)
Kerstin WILLIAMS, Appellant,
v.
Robert WILLIAMS, III, Appellee.
No. 2D02-4712.
District Court of Appeal of Florida, Second District.
May 2, 2003.
Jeanne Clougher, Seffner, for Appellant.
Jane H. Grossman of Law Office of Jane H. Grossman, St. Petersburg, for Appellee.
ALTENBERND, Chief Judge.
Kerstin Williams, the former wife, appeals a postjudgment dissolution order denying her motion to dissolve an emergency order temporarily granting Robert Williams, III, the former husband, primary residential responsibility for their minor child. Because the hearing before the trial court did not include adequate consideration of the child's best interests, we reverse the order denying the motion to dissolve and remand for an evidentiary hearing to determine whether the best interests of the child require that her temporary primary residence remain with the former husband pending a final hearing on his petition for modification of the final judgment.
*247 A final judgment of dissolution of marriage in this case was entered on March 15, 2001. The judgment incorporated a marital settlement agreement that awarded the former wife primary residential responsibility for the minor child, with certain visitation to the former husband. Approximately one month after the entry of the final judgment, the former husband filed an emergency motion to obtain the minor child's passport. The former husband alleged that the former wife, a dual citizen of Germany and the United States, intended to permanently relocate with the child to Germany. At a hearing on this motion, the former wife apparently swore under oath that she had no intentions of leaving Hillsborough County with the child, and therefore the motion was denied. Nevertheless, on June 9, 2001, the former wife and child left the country and proceeded to Germany, where they remained for over a year.
During that year, the former husband endeavored to obtain the return of the child by seeking relief from German and French courts and the Hillsborough County circuit court. In July 2002, the former husband sought and received from the circuit court an emergency ex parte order granting him temporary sole parental responsibility for the minor child and requiring law enforcement to assist him in obtaining custody of the child. The order provided no visitation for the former wife.
Later in July 2002, the former wife returned to Florida with the child, apparently due in large part to the former husband's successful legal actions against her in Germany. The child was placed in the custody of the former husband based upon the ex parte order. The former husband filed a supplemental petition to modify the final judgment, requesting he be awarded permanent primary residence of the minor child. The former wife filed a motion to dissolve the ex parte order and to return the primary residence of the child to her. A hearing was scheduled for August 7, 2002, on this motion.
During the hearing, the evidence focused solely on the former wife's removal of the child to Germany and whether that removal was in violation of the final judgment or an indication that she perjured herself during the prior proceedings regarding the child's passport. The former wife attempted to provide other evidence regarding the best interests of the minor child, but the trial court denied this request. The trial court indicated that the hearing would address only the circumstances regarding the removal of the child from the state. The trial court ruled that the best interests of the child could be addressed at a later time, presumably upon a final hearing in the former husband's supplemental petition to modify the final judgment.
At the conclusion of the hearing, the trial court entered an order denying the former wife's motion to dissolve the ex parte order. The trial court ruled that the testimony of the former wife regarding her relocation to Germany was not credible. The trial court also ruled that the former wife had been accorded sufficient due process in the entry of the emergency ex parte order and in the hearing on her motion to dissolve. Thus, the court confirmed the emergency order granting the former husband temporary custody of the child. The court indicated that "[a]ll other matters in the [former wife's] motion are reserved for future hearing on the merits." Finally, the trial court granted the former wife "extensive visitation" and required that the former wife's counsel hold the passports of the former wife and minor child in trust on behalf of the court.
On appeal, the former wife first asserts that the trial court erred in refusing *248 to dissolve the ex parte order, arguing that she was denied due process in its entry. We find no violation of due process in the entry of the initial emergency ex parte order. A trial court may enter an emergency ex parte order temporarily modifying custody under certain circumstances, such as where "a child is threatened with physical harm or is about to be improperly removed from the state." Wilson v. Roseberry, 669 So.2d 1152 (Fla. 5th DCA 1996) (citing Gielchinsky v. Gielchinsky, 662 So.2d 732, 733 (Fla. 4th DCA 1995)); see also Loudermilk v. Loudermilk, 693 So.2d 666 (Fla. 2d DCA 1997). Additionally, any alleged notice deficiency is rendered moot upon a timely hearing in which the opposing party is afforded an evidentiary hearing on the issues. Matin v. Hill, 801 So.2d 1003 (Fla. 4th DCA 2001).
The former wife also argues that the return hearing on this order, which addressed her motion to dissolve the order, was inadequate because the trial court erred in refusing to allow her to present other evidence regarding the child's best interests. We agree. Once the former wife returned to the state of Florida with the child, any determination as to the continued primary residence of the child required a consideration of the child's best interests. See § 61.13(2)(b), Fla. Stat. (2002) (requiring that court determine all matters relating to custody of minor child in accordance with best interests of child); cf. Hill v. Hill, 778 So.2d 967 (Fla.2001) (Pariente, J., concurring) (noting that when courts are dealing with matters affecting children, "paramount interest" should be welfare of the children); Krufal v. Jorgensen, 830 So.2d 228 (Fla. 4th DCA 2002) (noting that best interests of child is keystone of Florida's jurisprudence regarding support and custody of children).
The parties and trial court recognized that the hearing on August 7, 2002, was actually a return hearing on the ex parte order. That ex parte order was entered on the former husband's request for a postjudgment temporary modification of permanent custody. Thus, the burden remained on the former husband to prove that (1) a substantial change in the condition of one or both of the parties had occurred, which was of at least temporary duration, and (2) the best interests of the child would be promoted by the temporary change in custody, pending either a return to normalcy or a final hearing to modify permanent custody. See Kendall v. Kendall, 832 So.2d 878, 880 (Fla. 4th DCA 2002); Antonetti v. Amato, 544 So.2d 286, 287 (Fla. 1st DCA 1989).
The former husband argues that the trial court was not required to consider the best interests of the child pursuant to Bini v. Bini, 828 So.2d 470 (Fla. 5th DCA 2002). In Bini, the former wife relocated with the children to New Mexico despite a final judgment that required her to provide the former husband weekly visitation. 828 So.2d at 471. After a hearing, the trial court ordered the former wife to return the children to Florida. Id. Although the former wife initially complied by returning the children to Florida to reside with the former husband while she remained in New Mexico, she then obtained visitation with the children in New Mexico and again refused to return the children. Id. Thereafter, following a hearing in which both parties participated, the trial court awarded the former husband temporary custody of the children pending a further final hearing. Id. at 472-73.
In affirming this order, the Fifth District stated:
The instant case falls within the exception of a true emergency involving an improper removal of the children from the state. Hence, the normal burden on the party seeking custody to show a *249 substantial change in circumstances and that the custody transfer is in the child's best interests did not need to be met in this case.
Bini, 828 So.2d at 473.
We find Bini distinguishable. In Bini, the former wife refused to return to the state of Florida and insisted on continuing to reside in New Mexico. As such, the emergency caused by her unlawful relocation had not been alleviated at the time the trial court temporarily modified permanent custody. In this case, however, the former wife had returned with the child to the jurisdiction of the court. The emergency was further alleviated by the trial court's order placing the former wife's and child's passports in trust. The trial court awarded the former wife "extensive visitation" with the child, which indicates that it was not overly concerned that the former wife would again remove the child from Florida. Under these circumstances, the trial court was required to consider the best interests of the child in determining whether the former husband was entitled to a postjudgment temporary modification of permanent custody.
In light of the trial judge's conclusion that the former wife had absconded with the child in violation of the final judgment and had deprived the child contact with the former husband for over a year, we fully understand why the trial judge believed that he had heard sufficient evidence to award the former husband temporary primary residence of the child. Section 61.13(3)(a), (j), Florida Statutes (2002), provides that the best interests of a child may be determined in part based upon "the parent who is more likely to allow the child frequent and continuing contact with the nonresidential parent" and "the willingness and ability of each parent to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent." The former wife's actions provided evidence sufficient to support a finding that these two factors did not weigh in her favor. However, section 61.13(3) requires the trial court to consider numerous other factors in determining the best interests of a child. The trial court was required to allow the former wife to present evidence regarding the remaining best interest factors in determining the proper temporary primary residence of the minor child pending a final hearing on the former husband's supplemental petition for modification of the final judgment.[1]
Because we affirm that portion of the order on appeal that held the entry of the initial emergency ex parte order was proper, we reverse the order on appeal only to the extent it denied the former wife's motion to dissolve the emergency order without permitting her to present evidence regarding the child's best interests. Under these circumstances, the emergency ex parte order remains in effect until a further hearing can be held on remand. The trial court must hold such a hearing within twenty days from the issuance of our mandate unless the parties agree to hold this hearing at a later time or to have it coincide with the final hearing on the former husband's petition for modification. We affirm the remainder of the trial court's order.
Affirmed in part, reversed in part, and remanded.
WHATLEY and COVINGTON, JJ., Concur.
NOTES
[1] We recognize that a hearing on temporary custody may be more abbreviated than a hearing on permanent custody. Nevertheless, the trial court must receive evidence sufficient to assure the best interests of the child on a temporary basis.