848 So.2d 501 (2003)
Catherine DECKER, Appellant,
v.
James D. LYLE, Appellee.
No. 2D03-1774.
District Court of Appeal of Florida, Second District.
July 9, 2003.
*502 Allison M. Perry of Law Office of Allison M. Perry, P.A., Tampa, for Appellant.
Eileen H. Griffin of Griffin & Associates, P.A., Brandon, for Appellee.
WALLACE, Judge.
Catherine Decker ("the mother") appeals the trial court's order awarding temporary custody of the parties' minor child to James D. Lyle ("the father"). We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii). Because the record does not reflect that the trial court considered and addressed the best interests of the minor child in making the temporary custody award, we reverse and remand.
At the time of the minor child's birth, the parties were not married but had been living together for some time. Approximately four months after the child was born, the relationship of the parties became troubled. On April 25, 2002, the mother left Florida with the minor child to return to her home state of Indiana. Shortly after arriving in Indiana, the mother filed a petition in the Indiana court system to establish the paternity of the child and to seek support from the father. The father responded to the Indiana petition and filed a similar petition in Florida. In her answer to the Florida petition, the mother conceded that the father was the natural father of the child and requested that she be awarded custody and child support. On July 11, 2002, the Indiana court determined that Florida was the proper jurisdiction to hear the matter and accordingly dismissed the mother's petition for lack of jurisdiction.
On October 4, 2002, the father filed in the Florida proceedings a motion for immediate return of and temporary custody of the child seeking the following relief: (1) requiring the mother to return the child to the jurisdiction of the court; (2) awarding the father temporary primary residential responsibility of the parties' minor child with reasonable rights of visitation to the mother; (3) ordering the mother to immediately return the parties' minor child to the care of the father; (4) enjoining and restraining the mother from permanently removing the minor child, or allowing anyone else to remove the minor child, from the State of Florida; (5) ordering the mother to pay the father's attorney's fees and costs; and (6) granting any further relief the court deemed fair and equitable.
At the temporary hearing on the father's motion, the mother and the father testified on a variety of subjects, including the following: the parties' financial support of the child, child care arrangements, visitation, and the manner in which the parties' relationship had deteriorated. After the parties completed the presentation of the evidence, the trial judge commented on the mother's "surreptitious" relocation to Indiana and the need for the child to have "meaningful contact" with both parents. Nevertheless, the trial judge did not address the issue of the best interests of the child.

I. Best Interests
On appeal, the mother argues that the temporary custody award was improper *503 because the record fails to reflect that the trial court considered the best interests of the child in making the temporary custody award. We agree. The shared parental responsibility law, section 61.13, Florida Statutes (2002), applies to custody disputes between unmarried parents as well as married parents. See Stepp v. Stepp, 520 So.2d 314 (Fla. 2d DCA 1988). Although separate findings as to each factor in section 61.13(3) are not required to sustain a temporary award, nevertheless, the record or the final judgment must reflect that the custody determination was made in the best interests of the child. See Williams v. Williams, 845 So.2d 246 (Fla. 2d DCA 2003); Ryan v. Ryan, 784 So.2d 1215 (Fla. 2d DCA 2001); Julian v. Bryan, 710 So.2d 1037 (Fla. 2d DCA 1998); Bader v. Bader, 639 So.2d 122 (Fla. 2d DCA 1994) (en banc); Armstrong v. Panzarino, 812 So.2d 512 (Fla. 4th DCA 2002). Neither the transcript of the trial court's oral pronouncement of its ruling nor the temporary custody order (which merely incorporated by reference the trial court's oral pronouncement) addresses the best interests of the child. Therefore, we must reverse and remand the case for a further hearing.

II. Relocation
The mother also asserts that the trial court erred in not considering the relocation factors set forth in section 61.13(2)(d)(1)-(6) in making its temporary custody determination. However, this is not a relocation case in the strict sense. There was no court order in existence at the time the mother left the state to move to Indiana with the child. See generally Mian v. Mian, 775 So.2d 357 (Fla. 2d DCA 2000).
Nevertheless, relocation factors are to be considered as part of the court's evaluation of "all factors affecting the welfare and interests of the child." Id. at 359 (quoting § 61.13(3), Fla. Stat. (1999)). Furthermore, a trial court should make this consideration at the earliest opportunity. Id.; see also Garone v. Parks, 668 So.2d 307, 308 (Fla. 4th DCA 1996). Upon remand, the trial court should consider the statutory relocation factors as part of its evaluation of the best interests of the child.

III. Impermissible Factors
Finally, the mother contends that the trial court based its custody award on impermissible factors, to wit: (1) to equalize the amount of time the child would spend with each parent pending a final hearing in the case and (2) to sanction the mother for relocating with the child to Indiana absent prior notice to the father or court approval. (Based upon the record available to us, there does not appear to have been any legal impediment to the mother's relocation to Indiana.)
Our disposition of this case makes it unnecessary to reach the mother's argument on this point. Nevertheless, for the guidance of the trial court and the parties on remand, we note that the decision of the trial court on the issue of temporary custody must be based upon the best interests of the child and not as a sanction for the conduct of either of the parties. LaLoggia-VonHegel v. VonHegel, 732 So.2d 1131 (Fla. 2d DCA 1999); O'Neill v. Stone, 721 So.2d 393 (Fla. 2d DCA 1998); Armstrong v. Panzarino, 812 So.2d 512 (Fla. 4th DCA 2002).

IV. Relief
The father argues that we should let the custody order stand in order to avoid "unnecessary upheaval in the minor child's life." We are sensitive to the need to minimize disruptions to the custodial arrangements for the child. See Potter v. Haffner, 561 So.2d 1 (Fla. 2d DCA 1990). *504 Therefore, while we reverse the trial court's order granting temporary custody of the minor child to the father and remand this case to the trial court for a further hearing on this issue, temporary custody of the child shall remain with the father until such a hearing is completed. Furthermore, as in Williams v. Williams, 845 So.2d 246, 249 (Fla. 2d DCA 2003), the trial court must hold such a hearing within twenty days from the issuance of our mandate unless the parties agree to hold this hearing at a later time.
Reversed and remanded.
CANADY and VILLANTI, JJ., concur.