LAMBERT, J.
Graham E. Maguire (“Former Husband”) appeals the trial court’s order granting Samantha J. Wright (“Former Wife”) “immediate and on-going physical care and physical custody” of their minor child. Based on the context in which this order was entered, we construe it to be an interlocutory order that determines the right to child custody. Thus, we have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii).
The parties’ marriage was dissolved in the United Kingdom in 2003. The parties had two minor daughters.[1] Their divorce decree did not make any determination regarding child support, parental responsibility, or time-sharing. The parties, however, informally resolved these issues. In 2006, the parties separately, moved to Ovie-do, Florida, living within one mile from the other in the same subdivision. The parties continued to have an informal time-sharing schedule with their children.
In February 2014, Former Wife filed a petition with the circuit court below to domesticate the foreign divorce decree, *494 which the court did through a final order. Former Wife separately petitioned the lower court to establish a parenting plan, seeking primary time-sharing with the children. Former Husband filed a counter-petition, requesting equal time-sharing with the parties’ youngest daughter and to permanently relocate to the United Kingdom with both children. On April 29, 2014, Former Husband filed a motion for temporary relocation and/or summer time-sharing, requesting permission to take the children to the United Kingdom for the summer or until a final order was entered on his request for permanent relocation.
On July 11, 2014, a trial on Former Husband’s petition for permanent relocation commenced, at which time the court also considered Former Husband’s motion for temporary relocation. After hearing testimony and argument, the court granted Former Husband’s motion to take the children to the United Kingdom for the summer but ordered that the youngest child be returned to the United States no later than August 7, 2014, so that she could begin school in Seminole County on August 11, 2014.[2] The trial on Former Husband’s petition for permanent relocation was scheduled to resume on August 14, 2014.
The child did not return to the United States on August 7, 2014. On Friday, August 8, 2014, Former Wife filed an “Emergency Motion for Immediate Return and Custody of the Minor Child, Motion to Adjudicate Former Husband in Wilful Contempt of Court and Motion for Attorney’s Fees.” In her motion, Former Wife acknowledged that Former Husband had purchased airplane tickets for the child to return to Florida on August 7, 2014. However, according to Former Wife, on that day, Former Husband called Former Wife from the airport advising her that their daughter refused to board the airplane. In her motion, Former Wife also stated that she specifically spoke with her daughter who confirmed that she would not be getting on the airplane. On Tuesday, August 12, 2014, a hearing was held on Former Wife’s emergency motion for immediate return and custody of minor child. Counsel for Former Husband was present at the brief hearing, and Former Husband was available by telephone. However, no testimony or evidence was received. At the conclusion of the hearing, the trial court entered the order on appeal, which awarded custody to the Former Wife due to Former Husband’s failure to return the minor child to Seminole County, Florida, by August 7, 2014, as required by court order.
On appeal, Former Husband argues that the trial court erred in not considering or addressing the minor child’s best interest in making the custody determination. Section 61.18(8), Florida Statutes (2014), sets forth the numerous factors a trial court must consider in creating a parenting plan that governs each parent’s relationship with his or her minor child and the relationship between each parent with regard to his or her minor child. While separate findings as to each factor in section 61.13(3) are not required to sustain a temporary award, the record must reflect that the custody determination was made in the best interest of the child. Decker v. Lyle, 848 So.2d 501, 503 (Fla. 2d DCA 2003). Admittedly, neither *495 the transcript of the August 12, 2014 hearing nor the temporary custody order of the same date address the best interest of the child. Nevertheless, this court has specifically recognized a “true emergency” exception to the general rule, concluding that the normal burden on the party seeking custody to show that the custody transfer is in the child’s best interest need not be met when there is an improper removal of a minor child from the state. See Bini v. Bini, 828 So.2d 470, 473 (Fla. 5th DCA 2002). While Former Husband did receive court permission to take the child to the United Kingdom for the summer, his right to do so ended August 7, 2014. As the record does not demonstrate that the child has been returned to Florida, the removal is now improper.
We affirm the trial court’s present order granting temporary custody of the child with Former Wife. However, much like in Bini, it is clear that a further hearing is necessary to resolve the issues of temporary shared parental responsibility and temporary time-sharing in accordance with the statutory criteria of section 61.13(3), under which “the best interest of the child shall be the primary consideration.” The trial court is directed to hold an evidentia-ry hearing on temporary shared parental responsibility and temporary time-sharing within 20 days from the issuance of our' mandate unless the parties agree to hold this hearing at a later time or to have it coincide with the trial on the parties’ respective petitions to establish shared parental responsibility and time-sharing. See Williams v. Williams, 845 So.2d 246, 249 (Fla. 2d DCA 2003).
AFFIRMED; REMANDED.
ORFINGER and LAWSON, JJ., concur.

. The oldest child is now 18 years of age. This appeal pertains only to the youngest child, now 15 years of age.

. On August 12, 2014, the trial court entered its written order nunc pro tunc to July 11, 2014, memorializing its oral ruling that permitted Former Husband to travel to the United Kingdom with the two children for "summer vacation timesharing.” In pertinent part, the order also required Former Husband to post a $50,000 "performance bond/security” for the return of the minor child to the United States and stated that if Former Husband failed to return the child, Former Wife was entitled to the issuance of an "ex-parte immediate warrant for physical custody/pickup order.”