NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


RAYNESSA PARRIS,                          )
                                          )
              Appellant,                  )
                                          )
v.                                        )          Case No. 2D18-1932
                                          )
SHANTA BUTLER,                            )
                                          )
              Appellee.                   )
                                          )
_____)

Opinion filed February 8, 2019.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hillsborough
County; Lisa D. Campbell, Judge.

Tarya A. Tribble of Tribble Law Center,
P.A., Riverview, for Appellant.

Ingrid M. Hooglander of Brandon Legal
Group, Brandon (withdrew after briefing),
for Appellee.


BLACK, Judge.

          Raynessa Parris, the Wife, appeals from two orders entered in favor of

Shanta Butler, the Husband.  The orders require the parties' children to be returned

from St. Croix to Florida, grant majority time-sharing to the Husband, and establish a

temporary time-sharing plan.[1]  Because the trial court abused its discretion in entering these orders, we reverse.

The Husband filed the petition for dissolution on December 14, 2017.  In the petition, the Husband alleged that the Wife had traveled with the parties' minor children, born in August 2014 and December 2015, to St. Croix on August 21, 2017, and that the Wife and children remained in St. Croix.  The Husband sought shared parental responsibility, time-sharing, and an injunction "to require the Wife to immediately return the minor children to" Florida and "to prevent their removal from the jurisdiction" through the conclusion of the case.  On January 8, 2018, the Husband filed a motion for return of the children to Florida and for entry of a temporary parenting plan.  Specifically, the Husband sought an order enjoining the parties from removing the children from Florida and establishing a temporary parenting plan affording him majority time-sharing.  Following a hearing at which the Husband was the sole witness because the Wife appeared telephonically from St. Croix and could not provide sworn testimony, the court found that it had jurisdiction over the parties and the children and orally granted the motion to the extent that the court ordered the children to be returned to Florida within two weeks and required the surrender of their passports.  The court also granted the Husband majority time-sharing.

Prior to the entry of a written order on the motion, the Wife filed an emergency motion for reconsideration.  The Wife contended that the court's order was

_____

[1]The orders are titled "Order on Wife's Verified Emergency Motion for Reconsideration and Husband's Response to Wife's Verified Emergency Motion for Reconsideration" and "Order on Husband's Amended Emergency Motion for Return of Child[ren] to Hillsborough County and for Entry of Temporary Parenting Plan."

entered without sufficient evidence. The court then stayed enforcement of its initial order, pending a hearing on the Wife's motion for reconsideration. An evidentiary hearing was held on the Wife's motion in April 2018. The Wife, her mother, the Wife's ex-husband, and the Husband testified, and the court took notice of the Husband's prior testimony. The majority of the testimony at the April hearing was not directly related to the children or their best interests.

The day after the hearing, while the parties were present in court, the court orally pronounced its ruling on the motion for reconsideration; the written order was entered thereafter. In its oral pronouncement, the court stated that both parties "acknowledged that after a great deal of discussion and the discussion about long-term family plans that they thought it was in the [W]ife's best interest to transition to St. Croix." In the written order, the court acknowledged that the relocation of the children predated the petition for dissolution such that the relocation statute, section 61.13001, Florida Statutes (2017), did not apply; however, the court reiterated its jurisdiction over the children and its obligation to address the best interests of the children as they pertain to the establishment of a parenting plan including time-sharing. After expressly considering most of the statutory best-interest factors, see § 61.13(3), the court ordered that it was in the best interests of the children to remain in St. Croix until school released for the summer or no later than June 1, 2018, at which point the children would be returned to Florida and the ordered time-sharing plan would take effect. The court contemporaneously entered its order on the Husband's motion for return of the children. The court directed that the children be returned to Florida and not be removed from the

state without leave of the court and that their passports should be held by the Husband's attorney or in the registry of the court.

The Wife first contends that the trial court reversibly erred in failing to consider the relocation factors set forth in section 61.13001(7). This court has repeatedly stated that even in cases in which relocation is not strictly at issue, the relocation factors should be considered at the earliest opportunity in determining the best interests of the children under section 61.13. See Decker v. Lyle, 848 So. 2d 501, 503 (Fla. 2d DCA 2003); Mian v. Mian, 775 So. 2d 357, 358 (Fla. 2d DCA 2000). It is clear from the record that the trial court only considered the relocation factors to the extent that they overlap with the section 61.13 best-interest factors. On review of the evidence presented at the hearings, we are not convinced that the court would have ordered the children's return to Florida had the court considered each of the relocation factors as it is required to do.[2] See Cecemski v. Cecemski, 954 So. 2d 1227, 1228 (Fla. 2d DCA 2007) ("[W]e find that the facts in virtually every pertinent matter of consequence do not provide substantial competent evidence to support the trial court's findings . . . ."); cf. Mian, 775 So. 2d at 359 ("The record demonstrates that the trial judge considered . . . the effects of the temporary move to Atlanta on the child . . . . We

_____

[2]As an example, although the court determined that the Wife had been the primary caregiver for the children, the court did not consider "[t]he nature, quality, extent of involvement, and duration of the child[ren]'s relationship" with the Wife or how the children's ages and developmental stages (at three and four years old) would be impacted by a move away from the primary caregiver. See § 61.13001(7)(a), (b). Further, although the court found that historically the parties cared for the children themselves, the court apparently disregarded the undisputed testimony that if the Husband were given primary time-sharing the children would be in daycare or preschool from at least 10:00 a.m. until 6:00 p.m. daily while the Husband worked; the Husband had no extended family nearby who could assist him in caring for the children.

- 4 -

are convinced that the decision to award temporary custody to the mother was correct and would not have been different had the judge discussed each enumerated section of the statute in turn.").

The Wife also contends that the trial court abused its discretion in entering time-sharing and injunctive orders without evidence to support them. See Liguori v. Liguori, 210 So. 3d 117, 119 (Fla. 2d DCA 2016) (reviewing a temporary time-sharing plan for competent substantial evidence (quoting Schwieterman v. Schwieterman, 114 So. 3d 984, 987 (Fla. 5th DCA 2012))); see also Hoff v. Hoff, 100 So. 3d 1164, 1168 (Fla. 4th DCA 2012) (stating that "[t]he goal of temporary relief hearings . . . is to promote stability in the lives of children while the divorce is pending" and reviewing temporary time-sharing orders for competent substantial evidence). The Wife asserts that the evidence presented favors majority time-sharing with her and alternatively that the evidence was insufficient to fully develop the issue of time-sharing.

The section 61.13 best-interest factors expressly considered by the court were found to weigh in neither party's favor. And although the court outlined its rationale as to some factors, it failed to address others, including factors for which unrefuted evidence was presented. As a result, we cannot conclude that the court actually considered all of the best-interest factors and the evidence presented. Further, many of the court's findings are simply unsupported by competent substantial evidence.[3] See, e.g., D.M.J. v. A.J.T., 190 So. 3d 1129, 1133 (Fla. 2d DCA 2016).

---

[3]The court's findings with regard to one child having special needs, identified as "a significant speech delay," are unsupported by competent evidence. The court's determination that the Wife unreasonably delayed taking the oldest child to be evaluated is likewise unsupported; the court wholly ignored the unrefuted evidence that the Wife had to obtain a referral in order to have the child evaluated by a specialist and

The trial court failed to consider the statutory relocation factors in ordering that the children be returned to Florida, and its determination that the best interests of the children are served by their being in Florida to effectuate a time-sharing plan is not supported by the evidence presented at the hearings. Accordingly, we reverse the "Order on Wife's Verified Emergency Motion for Reconsideration and Husband's Response to Wife's Verified Emergency Motion for Reconsideration" and the "Order on Husband's Amended Emergency Motion for Return of Child[ren] to Hillsborough County and for Entry of Temporary Parenting Plan." On remand, the court shall consider the statutory relocation factors and the evidence before it in determining the best interests of the children. See Decker, 848 So. 2d at 503. While we understand "the need to minimize disruptions to the custodial arrangements for the child[ren]," we nevertheless must require the trial court to decide the issue of temporary time-sharing "based upon the best interests of the child[ren] and not as a sanction for the conduct of either of the parties." Id.

Reversed and remanded.

NORTHCUTT and MORRIS, JJ., Concur.

---

had done so. Further, there is simply no evidence supporting the court's determination that the children's education and welfare could be "best" met in Florida rather than in St. Croix. See Cecemski, 954 So. 2d at 1229 (noting that the trial court's finding with regard to a pertinent section 61.13 factor was "supposition or conjecture, which axiomatically [could not] support the [court's] conclusion"). The evidence affirmatively established that the parties had agreed and intended to relocate to St. Croix in the near future. Additionally, the court determined that "at least on a temporary basis, it is in the best interest of the children to remain in St. Croix." Yet there is no discussion of how the children's best interests would change as of June 1, 2018, the date the court required the children's return to Florida and the implementation of the time-sharing plan. Cf. Arthur v. Arthur, 54 So. 3d 454, 459 (Fla. 2010) ("[A] 'prospective-based' [best interests] analysis is unsound.").