PARKER, Acting Chief Judge.
Mary Lou Bullock, the former wife, appeals the trial court’s award of attorney’s fees and costs and reduction of child support to be paid by Michael Lee Jones, the former husband, for their two children. Although we agree that the trial court did not abuse its discretion in its award of attorney’s fees to the former wife, we reverse the trial court’s order reducing the amount by twenty percent. We also reverse the amount the trial court awarded for child support because the trial court did not provide written findings to support that award.
The trial court did not abuse its discretion in awarding attorney’s fees to the former wife and in finding that the $3000 in attorney’s fees is a reasonable amount. The trial court, however, erred in reducing this amount by twenty percent because the former wife had not prevailed on all of her claims. The fact that the former wife lost on an issue, which is not spurious, does not mean that she could not be a candidate to receive attorney’s fees from the former husband. See Hudgens v. Hudgens, 411 So.2d 354 (Fla. 2d DCA 1982). The law is clear that an award of fees under chapter 61, Florida Statutes, is not dependent on a party’s success in the litigation. It depends upon the relative financial resources of the parties. Greeley v. Greeley, 583 So.2d 1078 (Fla. 1st DCA 1991).
Finally, the amount of child support the trial court ordered the former husband to pay is below the child support guidelines established in section 61.30(l)(a), Florida Statutes (1991). The former husband concedes that the trial court failed to make a written finding in its order, and there is no specific finding in the record to justify the deviation. See Winters v. Katseralis, 623 So.2d 613 (Fla. 2d DCA 1993). We, therefore, reverse and remand for a new determination of child support. If the trial court again decides to deviate from the guidelines, it should provide its reasons why the father should pay substantially less than the recommended guidelines amount.
We affirm the award of attorney’s fees to the former wife and the determination that $3000 is a reasonable amount. We reverse the trial court’s reduction of that amount by twenty percent. We also reverse the amount of child support and remand to the trial court for a new determination of child support that complies with the child support guidelines or provides a written finding supporting deviation from the guidelines.
LAZZARA and FULMER, JJ., concur.