WOLF, J.
 

 The former husband seeks review of a final judgment determining issues of parental responsibility. The former husband alleges, among other things, that the trial court erred in placing restrictions on his visitation without providing appropriate factual findings. Because of the lack of findings to support the unique restriction
 
 *187
 
 imposed in this case, we reverse and remand for further proceedings.
 

 In the final order, the trial court noted it was “concerned that during times the minor child has been left with the [former husband’s] relatives without the [former husband] present, the child has witnessed or been subjected to acts of violence or left without proper supervision.” Based on this finding, the trial court allowed the former husband liberal time-sharing to include Christmas Break, Easter Break, and five weeks over the summer; however, the court directed that:
 

 The Respondent Father must be personally present during all of his timesharing with the minor child. The Respondent Father may not leave the child with relatives or friends during the Father’s timesharing. The Father forfeits his timesharing for any time he is not able to be physically present with the minor child. The Petitioner Mother is allowed to pick the child up at any time the child is left unsupervised by the Respondent Father.
 

 A trial court is required to “determine all matters relating to parenting and time-sharing of each minor child of the parties in accordance with the best interests of the child ....”§ 61.13(2)(c), Fla. Stat. (2009). The determination of the best interests of the child shall be made by evaluating over 20 factors affecting the welfare and interests of the child. § 61.13(3), Fla. Stat. (2009). While a trial court need not address each of these factors independently, a trial court must make a finding that the time-sharing schedule is in the child’s best interests.
 
 Clark v. Clark,
 
 825 So.2d 1016, 1017 (Fla. 1st DCA 2002)
 
 (citing Duchesneau v. Duchesneau,
 
 692 So.2d 205 (Fla. 5th DCA 1997)).
 

 Here, the trial court’s order, while initially appearing to grant liberal time-sharing, in fact, severely limits the former husband’s visitation. Visitation is limited to only those periods in which the former husband is not working and is personally able to be with the minor child. He is totally restricted from leaving the child with any member of his family or any of his friends. While certain allegations were made in a pre-hearing Motion for Testimony and Attendance of Minor Child which, if true, support a total limitation of unsupervised visitation as opposed to the limitation ordered, the trial court made no findings as to those allegations and the findings made were insufficient to support the unique remedy fashioned here.
 
 *
 

 The severe restriction imposed in this case must be accompanied by specific findings concerning the frequency, nature, and severity of the violence as well as details concerning what role family members and friends played in the alleged violent behavior. The order is also silent as to what extent the husband’s employment situation would allow him to comply with the trial court’s order. Without these specific findings, it is impossible for us to conduct appropriate appellate review.
 

 The order of the court determining visitation with the minor child is reversed and the case is remanded to the trial court for entry of a new order or to conduct further proceedings as it deems appropriate to address the best interests of the child. However, the present order shall remain
 
 *188
 
 in effect until the trial court enters a new order upon remand.
 

 LEWIS and MARSTILLER, JJ., concur.
 

 *
 

 We unfortunately do not have a transcript of the proceedings in the trial court to enlighten us as to the trial court's reasoning. While normally the lack of a transcript (even after the parties were given the opportunity to provide one) would mandate affirmance, we are not precluded from reviewing errors which appear on the face of an order.
 
 Harris v. McKinney,
 
 20 So.3d 400, 403 (Fla. 2d DCA 2009)
 
 (citing Baratta v. Valley Oak,
 
 891 So.2d 1063, 1065 n.4 (Fla. 2d DCA 2004)).