WALLACE, Judge.
 

 Dawn Grace DiNardo (the Wife) appeals the trial court’s order denying her motion for attorney’s fees and costs filed after the entry of a final judgment dissolving her marriage to Anthony DiNardo (the Husband). The Husband cross-appeals the trial court’s denial of his postjudgment motion for attorney’s fees and costs. On the Wife’s direct appeal, we reverse and remand for further proceedings because the trial court failed to take into account all of the Husband’s income in determining the relative financial resources available to the parties. On the Husband’s cross-appeal, we affirm the circuit court’s order. The circuit court did not abuse its discretion in declining to award fees and costs to the Husband for the Wife’s litigation conduct based on the factors outlined in
 
 Ro-sen v. Rosen,
 
 696 So.2d 697, 700 (Fla.1997).
 

 I. THE FACTS AND PROCEDURAL BACKGROUND
 

 The parties were married in 1984. They had two children. At the time of the final hearing in October 2006, one of the children had reached the age of majority. The other child was fifteen.
 

 
 *1104
 
 The Husband is a certified public accountant. During the marriage, he was employed by two successful real estate development companies. At the time of the final hearing, the Husband had been employed by his current employer for approximately thirteen years. The Husband’s base salary was $175,000. In addition to his base salary, the Husband received an automobile allowance of $6000 per year, an expense account at his employer’s club facilities, and other fringe benefits. The Husband also received bonus income. In its final judgment, the trial court made the following finding of fact concerning the Husband’s bonus income: “Although not guaranteed and in the sole discretion of his employer, the Husband has received regular and continuous bonuses nine (9) out of the thirteen (13) years he has been employed. His 2005 bonus, paid in Jan[.]Feb. 2006[,] was $110,000.” The trial court found that the Husband’s annual income was $291,000. The $291,000 figure included the Husband’s base salary of $175,000, the automobile allowance of $6000, and the bonus for 2005 of $110,000.
 

 The Wife had not worked outside the home since the birth of the parties’ first child in 1988. However, the Wife had some expertise in photography. A vocational expert testified that the Wife could earn $24,000 per year from employment in a photography studio or $31,000 per year if she were self-employed. Nevertheless, the Wife would require some time and training to achieve either of these income levels. The trial court found that the Wife should be able to earn at least $15,000 annually for the three years after the dissolution of marriage while the parties’ younger child completed high school. In accordance with this finding, the trial court imputed $1250 per month income to the Wife following the dissolution of marriage.
 

 Before the final hearing, the parties agreed to an equal division of their assets. In accordance with this equal distribution of property, each party was to receive assets valued at approximately $1,100,000. The trial court calculated the amount of the Wife’s passive income on the equitably divided assets as $780 per month.
 

 Under the final judgment, the Husband was required to pay the Wife $2210 per month as support until the sale of the marital home. In addition, the Husband was required to pay $2400 per month in “carrying expenses” for the marital home — which the Wife would occupy — until the marital home sold.
 
 [1]
 
 Finally, the Husband was required to pay the Wife $1400 per month in child support.
 

 The petition for dissolution of marriage was filed in October 2005. During the course of the proceedings, the Husband voluntarily paid $15,000 toward the Wife’s attorney’s fees. The Husband also contributed an additional $5000 for the Wife to hire a certified public accountant. The Wife’s attorney’s fees and costs incurred through the entry of the final judgment were approximately $83,000.
 

 The case went to final hearing before Judge Daniel R. Monaco in October 2006. The trial court entered the final judgment of dissolution of marriage on November 15, 2006. An amended final judgment was entered on June 4, 2007. The Wife took an appeal from the final judgment, and this court affirmed.
 
 See DiNardo v. DiNardo,
 
 989 So.2d 1190 (Fla. 2d DCA 2008) (table decision).
 

 
 *1105
 
 In the final judgment, the trial court reserved jurisdiction to consider the issue of attorney’s fees and costs. The parties promptly filed their fee motions, but the trial court did not hear the motions until January 2010, more than three years after the entry of the final judgment. In the interim, Judge Monaco had retired; a different judge heard the fee motions.
 

 The Husband’s motion requested an award of attorney’s fees and costs based on his claim that he had “incurred a substantial amount of needless and unnecessary attorney’s fees, suit monies!,] and costs caused by [the] Wife’s bad faith litigation tactics and unnecessary delays.” The Wife based her claim on her need and on the Husband’s ability to pay.
 

 The trial court conducted an evidentiary hearing on the parties’ respective fee motions. In a written order entered after the hearing, the trial court denied the Husband’s request for fees and costs. The trial court found that the Wife had caused some delays in resolving various matters, thereby increasing the amount of litigation necessary to resolve the matter. However, the trial court found the existence of extenuating circumstances that explained at least some of the delays. Ultimately, the trial court ruled that the circumstances did not rise to a level sufficient to warrant the assessment of fees and costs against the Wife based on her litigation conduct.
 

 The trial court also denied the Wife’s motion for fees and costs because it found that the financial resources of the parties were “relatively equal.” The critical portion of the trial court’s ruling in the order under review concerning the financial resources of the parties is the treatment of the Husband’s bonus income. In support of its conclusion that the parties’ resources were “relatively equal,” the trial court made the following finding: “[T]he bonuses [sic] the [H]usband received prior to trial were put into [a] bank account that will be ultimately equally divided.”
 

 II. THE PARTIES’ ARGUMENTS
 

 On appeal, the Husband argues that the trial court abused its discretion in ruling that the Wife’s litigation conduct did not warrant requiring her to pay the Husband’s attorney’s fees and costs based on the
 
 Rosen
 
 factors. After a thorough review of the record, we conclude that the trial court did not abuse its discretion in declining to assess all or a portion of the Husband’s fees and costs against the Wife. The Husband’s argument on this point does not warrant further discussion.
 

 The Wife observes that — in the order under review — the trial court misapprehended the income available to the Husband at the time of the entry of the final judgment. According to the Wife, this mistake caused the trial court to conclude — incorrectly—that the financial resources available to the parties for the payment of attorney’s fees and costs were relatively equal. We agree with the Wife, and we write to explain our reasoning below.
 

 III. THE APPLICABLE LAW
 

 Section 61.16(1), Florida Statutes (2005), addresses the subject of attorney’s fees, suit money, and costs in proceedings under chapter 61. The statute provides, in pertinent part:
 

 The court may from time to time, after considering
 
 the financial resources of both parties,
 
 order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals.
 

 
 *1106
 
 (Emphasis added.) Under the statute, the primary factor,to be considered in determining whether to award attorney’s fees and costs to one party is the relative financial resources of the parties.
 
 Rosen,
 
 696 So.2d at 700;
 
 Humerickhouse v. Humerickhouse,
 
 932 So.2d 1142, 1145 (Fla. 2d DCA 2006).
 

 In assessing the financial resources of the parties, the trial court must determine the parties’ income as well as their assets. “The extent of the parties’ incomes from all sources and the reasonable income-earning abilities of the parties[] are essential parts of the equation ... in determining the parties’ comparable financial circumstances, to justify or deny an attorney’s fee and costs to the spouse with less resources.”
 
 Brock v. Brock,
 
 690 So.2d 737, 742 (Fla. 5th DCA 1997). The trial court should determine the relative financial positions of the parties as of the time of the entry of the final judgment dissolving the marriage.
 
 See Rashid v. Rashid,
 
 35 So.3d 992, 995 (Fla. 5th DCA 2010);
 
 Derrevere v. Derrevere,
 
 899 So.2d 1152, 1153 (Fla. 4th DCA 2005);
 
 Duchesneau v. Duchesneau,
 
 692 So.2d 205, 207 (Fla. 5th DCA 1997).
 

 The purpose of section 61.16 is “to ensure that both parties will have similar ability to secure competent legal counsel.”
 
 Canakaris v. Canakaris,
 
 382 So.2d 1197, 1205 (Fla.1980). Thus “[a]n award of attorney’s fees in domestic support cases is not dependent on one party’s success in the litigation but rather upon the parties’ relative financial resources.”
 
 Humerickhouse,
 
 932 So.2d at 1145 (citing
 
 Bullock v. Jones,
 
 666 So.2d 224, 225 (Fla. 2d DCA 1995)). “It is not necessary that one spouse be completely unable to pay attorney’s fees in order for the trial court to require the other spouse to pay these fees.”
 
 Canakaris,
 
 382 So.2d at 1205. With these general principles in mind, we turn to the facts of this case.
 

 IV. DISCUSSION
 

 We begin by noting the disconnect between the trial court’s findings in the final judgment concerning the Husband’s income and the trial court’s findings in the order under review on the same subject. In the final judgment, the trial court found that “the Husband has received regular and continuous bonuses nine (9) out of the thirteen (13) years he has been employed.” The trial court also noted that the Husband’s 2005 bonus was $110,000. The trial court found that the Husband’s annual income — composed of his base salary, automobile allowance, and bonus — was $291,000. These findings are amply supported by the record. At the time of the final hearing, the Husband had received a substantial bonus for each of the preceding six years of his employment. Based on our calculations, the bonuses for these six years averaged $121,667 per year. Over the thirteen years of the Husband’s employment with his current employer, his bonus income averaged $74,077 per year.
 

 However, in the order under review, the trial court did not take the Husband’s bonus income into account in determining the amount of his income. Instead, the trial court considered only the Husband’s base salary and his automobile allowance. The trial court based this treatment of the Husband’s income on its finding that his 2005 bonus— amounting to $110,000 — was deposited into a bank account that was to be divided equally between the parties. This finding is correct as far as it goes. The Wife does not dispute that the bonus for 2005 was deposited into the account in question. But the order under review treats the receipt of the $110,000 bonus for 2005 as if it were a singular event.
 
 *1107
 
 In fact, the trial court had already found in the final judgment that the Husband was receiving bonuses that were regular and continuous. That finding was never modified or vacated. Therefore, the trial court was required to take the Husband’s bonus income into account in assessing his financial resources available for the payment of attorney’s fees and costs.
 
 Cf. Drew v. Drew,
 
 27 So.3d 802, 802-03 (Fla. 2d DCA 2010) (requiring the trial court to consider regular and continuous bonuses in calculating income for the purposes of alimony and child support);
 
 Parry v. Parry,
 
 933 So.2d 9, 16 (Fla. 2d DCA 2006) (requiring the trial court to consider regular and continuous bonuses in calculating income for the purpose of child support);
 
 Shrove v. Shrove,
 
 724 So.2d 679, 682 (Fla. 4th DCA 1999) (holding that the trial court properly included the husband’s bonus income for the purpose of determining monthly support amounts);
 
 Crowley v. Crowley,
 
 672 So.2d 597, 600 (Fla. 1st DCA 1996) (holding that the trial court erred in excluding the husband’s bonus income in determining his ability to pay alimony and child support).
 

 It is true that the equitable division of the parties’ assets and liabilities would leave them in a substantially equal position with regard to the property owned by each. But the omission of the Husband’s bonuses from the determination of his income dramatically understated his income relative to the Wife’s more modest income. When the Husband’s bonus income is added to his base salary, it is apparent that his available income substantially exceeds the income available to the Wife. It follows that the trial court’s denial of the Wife’s motion for attorney’s fees and costs was based on an incorrect finding that the financial resources of the parties were “relatively equal.” “[W]here, as here, the record establishes that the parties’ past, present[,] and anticipated earnings are not substantially equivalent, it may be inequitable to force the lower earning party to deplete her share of the otherwise equally divided assets to pay attorney’s fees.”
 
 Nisbeth v. Nisbeth,
 
 568 So.2d 461, 462 (Fla. 3d DCA 1990).
 

 V. CONCLUSION
 

 On the Wife’s direct appeal, we reverse the order under review to the extent that it denied the Wife’s motion for attorney’s fees and costs. We remand this case to the trial court for further proceedings. On remand, the trial court shall reconsider the Wife’s motion for fees and costs, taking into account all of the financial resources available to the parties, including the Husband’s bonus income. The trial court shall make appropriate findings to facilitate appellate review of its decision. On the Husband’s cross-appeal, we affirm the order under review to the extent that it denied the Husband’s motion for attorney’s fees and costs.
 

 Affirmed in part, reversed in part, and remanded.
 

 KHOUZAM and CRENSHAW, JJ., Concur.
 

 [1]
 

 . After the marital home was sold, the “carrying expenses” would end. But the Husband's alimony obligation was scheduled to increase to $4100 per month for a period of three years. After the initial three-year period, the alimony would decrease to $2700 per month.