PER CURIAM.
Christine Hoff (“the Wife”) timely appeals the trial court’s Order on Temporary Relief, denying her motion for temporary attorney’s fees and temporarily awarding equal timesharing to Dana Hoff (“the Husband”). We affirm and write to address whether detailed factual findings are necessary in temporary relief orders.
The parties were married nearly three years before the Wife filed her petition for dissolution of marriage. They have one three-year old child. The Wife moved for temporary child support, spousal support, and attorney’s fees, claiming she was unemployed and lacked the means to support herself or hire an attorney. She also moved for a temporary timesharing schedule, which would give her a substantial majority of overnights. The Husband also moved for temporary relief, seeking an equal timesharing schedule.
An evidentiary hearing was held on both parties’ motions. The Husband is a photographer who travels nationally. He testified that he spent as much time with the child as his work schedule allowed. He was out of town for 35 nights in 2011. The Husband admitted the Wife was the primary caregiver. Although his income varies, the Husband declared his monthly income to be $4193 on his financial affidavit. He testified to collecting $20,000-$30,000 a year in photography royalties and having a total of $470,000 in assets. The Husband claimed the Wife had $25,000 in her possession, including $20,000 taken from a joint safe deposit box and $2000 from a joint checking account. The Husband also *1166 testified regarding vindictive behavior by the Wife and the Wife’s attempt to alienate the child from the Husband.
The Wife testified that the Husband was a good father, but because of the Husband’s work and travel, she felt she would be more capable of providing structure for their child. The Wife admitted to having $20,000 in joint assets, plus another $7800 of her own money. She testified that she was unemployed but actively looking for work. Regarding attorney’s fees, the Wife testified that she paid a retainer of $8500 and an additional $2000, and currently owed a balance of $5699.88. The Wife admitted she had the ability to pay the outstanding balance but asserted that the Husband had a greater ability to pay. The Wife’s trial counsel testified that based on the complexity of the case, the Wife’s litigation budget would be $52,599.88, including the cost for hiring a forensic accountant.
The trial court ultimately awarded temporary shared parental responsibility and 50/50 timesharing. The Wife was awarded $8500 per month in undifferentiated support. The trial court denied the Wife temporary attorney’s fees, holding the Wife did not have a need for fees based on her possession of $22,000 in marital funds. The trial court noted the marriage was very short term and the dissolution action should be relatively uncomplicated. The trial court rejected the idea that hiring a forensic accountant was necessary for this case.

Temporary Attorney’s Fees

The Wife argues the trial court erred in denying her temporary attorney’s fees when she demonstrated that she is unemployed and in a significantly inferior financial position to the Husband. The standard of review is abuse of discretion. Hallac v. Hallac, 88 So.3d 253, 256 (Fla. 4th DCA 2012).
“The appropriate inquiry — whether one spouse has a need for suit money and the other has the ability to pay — is the same whether the fees requested are temporary or final.” Robbie v. Robbie, 591 So.2d 1006, 1009 (Fla. 4th DCA 1991); see also Hallac, 88 So.3d at 258 (“need and ability to pay remain the primary considerations for an award of attorney’s fee[s]”). Here, the trial court held the Wife lacked need. However, the Wife does not argue need and ability to pay; instead she argues that it is inequitable to require her to deplete her assets when the Husband’s assets and income substantially exceed hers. The Wife relies on DiNardo v. DiNardo, 82 So.3d 1102 (Fla. 2d DCA 2012), which holds that under section 61.16(1), Florida Statutes, “the primary factor to be considered in determining whether to award attorney’s fees and costs to one party is the relative financial resources of the parties.” Id. at 1106
In Rosen v. Rosen, 696 So.2d 697 (Fla.1997), the Florida Supreme Court explained how trial courts should apply section 61.16(1):
Section 61.16 constitutes a broad grant of discretion, the operative phrase being “from time to time.” The provision simply says that a trial court may from time to time, i.e., depending on the circumstances surrounding each particular case, award a reasonable attorney’s fee after considering the financial resources of both parties. Under this scheme, the financial resources of the parties are the primary factor to be considered. However, other relevant circumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense *1167 is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation.
Id. at 700.
If relative financial resources was the only standard, then the trial court’s decision to deny the Wife temporary attorney’s fees would clearly be an abuse of discretion. Under that sole standard, it would be an abuse to deny temporary attorney’s fees if the facts showed that the Husband has 21 times the assets of the Wife, plus income and royalties from his photography business while the Wife is unemployed. See Putnam v. Putnam, 226 So.2d 30, 31 (Fla. 4th DCA 1969) (wife entitled to attorney’s fees when husband had 22 times the assets of the wife and husband was employed when wife was not). However, this case illustrates why the resources of the parties should not be the only consideration when evaluating whether to grant attorney’s fees. When considering the Wife’s need and other factors, the trial court’s decision was not an abuse of discretion. The Wife admitted that she has a present ability to pay her outstanding attorney fee balance with the $22,000 in marital assets she retained. Both parties appear to agree regarding how much money they had prior to the filing of the dissolution action, and both freely admitted to taking assets out of joint accounts and secure boxes in order to secure them from the other spouse. Further, the parties’ testimony at the evidentiary hearing supports the trial court’s implicit finding that the Wife’s projected litigation budget of $52,599.88 was unreasonable based on the lack of complexity of the issues in this action. As the Florida Supreme Court stated in Rosen, “Had the legislature intended to limit consideration to the financial resources of the parties, the legislature easily could have said so.” 696 So.2d at 700. We agree the trial court did not err by requiring the Wife to pay her own legal fees.

Temporary Timesharing

Second, the Wife, argues the trial court erred when it failed to make explicit findings based on the best interests of the child or on the factors set forth in section 61.13(3), Florida Statutes (2011), regarding the temporary parenting plan. The order on temporary relief does not make any findings regarding timesharing, and the trial court did not state any on the record at the evidentiary hearing. We reject the Husband’s argument that we cannot consider this issue because it was not preserved for review. See Dorsett v. Dorsett, 902 So.2d 947 (Fla. 4th DCA 2005); see also Mondello v. Torres, 47 So.3d 389 (Fla. 4th DCA 2010).
To support her argument, the Wife relies on cases such as Kelly v. Colston, 32 So.3d 186 (Fla. 1st DCA 2010), which held the trial court erred when it failed to make the appropriate factual findings based on the factors set forth in section 61.13(3), Florida Statutes and when it failed to make a finding that the timesharing schedule is in the child’s best interests. Kelly concerned an appeal of a final judgment after a full trial. This case, in contrast, involved a temporary proceeding. As we stated in Schmitz v. Schmitz, 891 So.2d 1140 (Fla. 4th DCA 2005), in regard to temporary fee awards:
Interim fee awards are even more difficult to attack on appeal. This is so because although time constraints require judges with limited information to award interim fees and costs, the court can remedy any inequity in the final judgment; at that time the court may consider a couple’s full financial picture and apply the Rosen factors while looking back at the litigation. Thus, we have written that temporary relief awards are among the areas where trial judges have the very broadest discretion, with which appellate courts are very reluctant to interfere with except *1168 under the most compelling of circumstances.
Id. at 1142 (internal quotations omitted). Similarly, in proceedings where trial judges are required to determine interim timesharing schedules, the limited nature of a temporary hearing and necessity for quick action by the trial judge require us to defer to the trial court’s exercise of its discretion and not pick apart a trial court’s order for technical infirmities.
We acknowledge there is a major difference between deciding financial issues and child timesharing issues. Because the welfare of a child is at stake, it is important to have a clear analysis, supported by detailed findings of fact, when the trial court makes timesharing decisions at a final hearing. The goal of temporary relief hearings, however, is to promote stability in the lives of children while the divorce is pending, not to decide the final outcome.
Contested temporary relief hearings are not and should not be as lengthy as contested final hearings. The parties need to obtain temporary relief expeditiously. Shorter hearings are required to accomplish that goal. Therefore, we hold it is not reversible error for a trial court to fail to address any of the factors set forth in section 61.13(3), Florida Statutes or to fail to make a rote statement that its decision is in the best interests of the child in temporary relief proceedings. As long as the trial court’s decision is based on competent, substantial evidence and not an abuse of discretion, it will be affirmed. We find the trial court’s decision in this case meets both of these requirements.

Affirmed.

GROSS, HAZOURI and CONNER, JJ., concur.