WARNER, J.
The mother appeals trial court orders requiring the return of the parties’ child to Florida from Illinois and establishing a temporary time-sharing schedule, pending final disposition of the petitions for paternity and custody filed by the father. She claims that the court erred in ruling without sufficient evidence of the child’s best interest in ordering the child’s return to Florida without statutory authority. We conclude that the court did not abuse its discretion in its rulings on these temporary relief orders.
The mother and father were not married. The child was born in 2009 and lived in Florida with his parents until January 19, 2012, when the mother moved out of the parties’ home while the father was out of town. She did not advise the father prior to her leaving, and he found out only when he came home and discovered that she and his child were gone. The mother moved to Illinois and immediately filed a petition for emergency order of protection, alleging abuse of both her and the child by the father. The Illinois court granted the ex parte request.
Several days later, the father filed a petition for establishment of paternity in Florida, including a request for custody and/or time-sharing with the child. He also moved for an order requiring the child’s return to Florida. Multiple hearings occurred to establish jurisdiction, and the Illinois court finally dismissed the proceedings there in favor of the Florida proceedings, as Florida was the child’s home state. The Florida court also rejected the mother’s contention that Florida was an inconvenient forum to adjudicate paternity and custody.[1]
Delays resulted from the competing proceedings in Illinois. The hearing on the *83 father’s motion to require the return of the child to Florida, as well as establishment of a time-sharing plan pending final disposition, did not commence until nearly eleven months after the child’s removal from the state. Because of limited time, the hearing was not concluded. The court reset the continuation of the hearing for March, giving the parties five months notice. Between that time, the original judge transferred to a different division.
Although having notice of the March hearing, the mother did not attempt to secure the testimony of Illinois witnesses until the end of February. The mother moved to continue the March proceedings, to which the father vehemently objected as he had been deprived of contact with the child for over a year. The court denied the mother’s motion.
Before the start of the second day of hearing, the parties stipulated that the successor judge could review the transcript of the first day of hearing and consider the previous testimony of the father and the maternal grandmother. The mother and father also testified on the second day of hearing, as well as the child’s Florida pediatrician, who had treated the child from birth until his removal from Florida. The evidence presented revolved around three main themes: 1) the father’s contention that the mother had surreptitiously removed the child from Florida as well as his prior good relationship with the child and his ability to provide for the child, while the child was in Florida; 2) the mother’s claim of extreme abuse by the father towards both her and the child, supported by her testimony and the testimony of her mother, but denied by the father; and 3) the child’s diagnosis and treatment in Illinois for several medical problems, testified to only by the mother. As to the last issue, in contrast, the child’s Florida physician testified that he had not observed any disorders in the child or any evidence of abuse.
After hearing the evidence, the trial court ordered the immediate return of the child to Florida and set a time-sharing schedule. If the mother remained in Florida, the court required a 50/50 arrangement. If the mother did not remain in Florida, she would be entitled to a weekend visitation with the child every month. This appeal follows.
We review both the order on time-sharing as well as the order directing the return of the child to the jurisdiction for an abuse of discretion. See Hoff v. Hoff, 100 So.3d 1164, 1168 (Fla. 4th DCA 2012) (time-sharing); Gallivan v. Gallivan, 743 So.2d 1185, 1186 (Fla. 4th DCA 1999) (return of child). As we noted in Hoff, “in proceedings where trial judges are required to determine interim timesharing schedules, the limited nature of a temporary hearing and necessity for quick action by the trial judge require us to defer to the trial court’s exercise of its discretion and not pick apart a trial court’s order for technical infirmities.” 100 So.3d at 1168.
The mother complains that the trial court ruled on the return of the child to Florida without hearing evidence from Illinois witnesses who could testify to the child’s current condition and best interests. The reason that those witnesses did not testify, however, was due to the mother’s failure to secure their testimony in a timely fashion. The trial court denied the mother’s request for a continuance, which was not an abuse of discretion, given the length of time the mother had to prepare for the hearing as well as the prejudice to the father by continuing to be deprived of access to his child. See Ryan v. Ryan, 927 So.2d 109, 111 (Fla. 4th DCA 2006). Furthermore, both the mother and the maternal grandmother testified as to the child’s situation in Illinois and his medical disor *84 ders and treatment. Therefore, the court did have evidence regarding the care and treatment of the child in Illinois.
The mother also argues that the trial court limited her testimony regarding the father’s abuse of her, as well as disregarding the maternal grandmother’s testimony on that issue from the prior hearing. When the mother was called by the father to testify, her counsel cross-examined her on the domestic violence she alleged. She described at length the types of abuse she suffered. When she testified on direct as part of her case, she attempted to provide even more details of specific acts of violence, to which the father’s counsel objected as cumulative. The trial court sustained the objection, noting that the court had a clear recollection of her answers and did not want to get into matters already covered.
Given the fact that the hearing was for the purposes of return of the child to Florida pending final determination in the paternity and custody litigation, the trial court did not abuse its discretion in limiting the mother’s testimony. We noted in Hoff: “Contested temporary relief hearings are not and should not be as lengthy as contested final hearings. The parties need to obtain temporary relief expeditiously. Shorter hearings are required to accomplish that goal.” 100 So.3d at 1168. The trial court had listened to the mother’s testimony of abuse in some detail and the father’s denial of those allegations. As to the maternal grandmother’s testimony, while the mother objected to the successor judge’s disregard of it, the parties stipulated that the court could consider the transcript of that testimony. After reviewing it, the court ultimately gave it little weight (as it did to the child’s Florida physician). The mother had the opportunity to be heard on the issue of abuse and presented substantial testimony regarding her relationship with the father. For the purposes of the temporary hearing, the trial court did not abuse its discretion in sustaining the objection to the cumulative nature of the mother’s testimony.
On the second day of hearing, the mother sought to introduce her diary into evidence as a prior consistent statement after she cross-examined the father on her allegations of abuse, and he testified that the allegations were a fabrication. The trial court denied its admission, which we uphold. In general, “prior consistent statements of a witness are hearsay and not admissible to corroborate or augment the witness’s trial testimony.” Keller v. State, 586 So.2d 1258, 1259 (Fla. 5th DCA 1991) (citations omitted), abrogated on other grounds, State v. Smith, 840 So.2d 987 (Fla.2003). However, a statement “is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is ... [consistent with the declarant’s testimony and is offered to rebut an express or implied charge against the declarant of improper influence, motive, or recent fabrication.” § 90.801(2)(b), Fla. Stat. Nevertheless, “[a] prior consistent statement is not admissible merely because the opposing lawyer has attacked the credibility of the witness or challenged the truthfulness of the statement given by the witness at trial.” Monday v. State, 792 So.2d 1278, 1280 (Fla. 1st DCA 2001). “[S]ection 90.801(2)(b) contemplates an initial attempt on cross-examination to show ... recent fabrication, and only after such an attempt can evidence of the witness’s prior consistent statement be introduced.” Wise v. State, 546 So.2d 1068, 1069 (Fla. 2d DCA 1989). “Admissibility of the prior statement is addressed to the sound discretion of the trial court and will not be disturbed on appeal, absent an abuse of that discretion.” Jenkins v. State, 547 *85 So.2d 1017, 1020 (Fla. 1st DCA 1989) (citing Kelley v. State, 486 So.2d 578, 583 (Fla.1986)).
The mere fact that the father contested the truth of the mother’s statements, under cross-examination by the mother’s counsel, does not render admissible the mother’s prior consistent statements. As in Jenkins, all that occurred in this case is that the father contested the credibility of the mother, as occurs in any adversarial proceeding. The father’s counsel did not cross-examine the mother as to any motive to lie or fabricate the allegations of abuse. It appears that the mother’s counsel tailored her examination of the father, using words such as “recent fabrication” solely to try to establish a predicate to admit the otherwise inadmissible hearsay (ie., the diary). The court did not abuse its discretion in denying admission.
 For the purposes of these interim orders regarding return of the child and time-sharing, the trial court conducted an adequate hearing and afforded both parties the opportunity to be heard on the important issues. The court heard the allegations of abuse as well as the child’s circumstances in Illinois. The father testified to his interaction with the child and his ability to provide for the child in Florida. At the close of the evidence, the judge ruled and specifically noted that he had considered the factors contained in section 61.13, as well as the relocation statute, section 61.13001. What the court felt most important was the testimony of the parents. The court determined that its ruling was in the best interests of the child, stating “I’m not concerned about [the mother’s and father’s] feelings, and what’s in their best interest. I’m just not. You nailed it in your closing, [mother’s attorney]. It’s all about [the child].” Further, as noted in Hoff, the lack of specific findings on each factor is not reversible error in a temporary order. 100 So.3d at 1168. In this case, however, the court made the oral finding that it was acting in the child’s best interest.
The mother further argues that because the relocation statute does not apply to these circumstances, the trial court had no authority under section 61.13 to order the return of the child. Irrespective of the fact that the mother did not object to the trial court’s authority to order the return of the child under section 61.13, we find this point without merit. In Decker v. Lyle, 848 So.2d 501 (Fla. 2d DCA 2003), on similar facts, the court concluded that even though the case was not strictly a relocation, the relocation factors should be considered in determining the best interests of the child under section 61.13. Even prior to the adoption of the relocation statute, trial courts had the authority to order relocation, although it was discouraged pri- or to final hearing. See Garone v. Parks, 668 So.2d 307, 308 (Fla. 4th DCA 1996). We conclude that the court had the authority to order return of the child.
Finally, the mother challenges the time-sharing order as being vague. This issue is moot, as after the entry of the orders, the mother moved back to Florida with the child and entered into an agreed order specifying the time-sharing arrangement.
For the foregoing reasons, we affirm the trial court’s order granting return of the child. The order on time-sharing is rendered moot by the parties’ subsequent agreement on time-sharing reflected in an agreed order.

Affirmed.

DAMOORGIAN, C.J., and CONNER, J., concur.

. The mother did not appeal this ruling.