# Third District Court of Appeal

## State of Florida

Opinion filed May 13, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2988
Lower Tribunal No. 14-6072
_____

**Christian Jamin,**
Appellant,

vs.

**Vanessa Marchandise,**
Appellee.

Appeal from the Circuit Court for Miami-Dade County, John C. Schlesinger, Judge.

Rosenthal Rosenthal Rasco Kaplan, LLC, and Liliana Loebl, Daniel Kaplan, and Amanda B. Haberman (Aventura), for appellant.

Coffey Burlington, P.L., and Albert G. Caruana and Kimberly J. Freedman, for appellee.

Before SALTER, FERNANDEZ and SCALES, JJ.

PER CURIAM

We affirm the trial court's corrected order granting the motion of the appellee, Vanessa Marchandise ("the Wife"), to approve a parenting plan, and write only to clarify the temporary nature of both the order and the agreement upon which it is based.

In August 2013, appellant, Christian Jamin ("the Husband"), and the Wife, through a series of e-mails, and without the benefit of counsel, entered into a temporary parenting plan that purported to memorialize certain terms of the parties' separation agreement.

The agreement contained a detailed time-sharing arrangement for the couple's minor child; it also addressed repayment of a loan the Wife had made to the Husband, the ownership of certain property, and the responsibilities of the parties for certain household and child-related expenses.

The parties operated under the agreement for several months. In February 2014, the Wife instituted divorce proceedings in Belgium.[1]

In August 2014, the Husband filed a motion seeking temporary time-sharing, and, in response, the Wife renewed her request for a hearing on her previously-filed motion to approve the parties' August 2013 parenting plan. The trial court conducted a two-day evidentiary hearing on the parties' respective motions. During the course of the evidentiary hearing, the parties stipulated that the Belgian court

[1] The parties are both citizens of Belgium, but they reside with the minor child in Miami-Dade County.

2

will have jurisdiction for purposes of dissolving the parties' marriage, and the Florida court will have jurisdiction for resolution of the child-related issues.

The Husband objected to the enforcement of the parties' August 2013 parenting plan agreement, essentially alleging: (i) the agreement was entered under duress, (ii) the agreement did not contain the required parenting plan components mandated by section 61.046(14), Florida Statutes (2014), and (iii) the trial court lacked jurisdiction to approve or enforce the parties' agreement, since the agreement included provisions outside the scope of what the Florida court would ultimately adjudicate (i.e. issues beyond child support and time-sharing).

In November 2014, the trial court entered the order approving the parties' August 2013 parenting plan. The Husband filed this interlocutory appeal, asserting that the trial court abused its discretion in approving the parties' August 2013 parenting plan.

We conclude the trial court did not abuse its discretion, and affirm the trial court's November 2014 order.

We write, however, to clarify that the order is temporary in nature, and merely approved the parties' August 2013 agreement. The parties' August 2013 agreement, and the trial court's November 2014 order approving the agreement, continue until such time that the trial court conducts a final hearing, and—consistent with the requirements contained in the relevant provisions of section

3

61.046, Florida Statutes—enters a final order that includes a parenting plan, support order, and time-sharing schedule. The final order should adjudicate those other issues over which the Florida trial court has jurisdiction. See Hoff v. Hoff, 100 So. 3d 1164, 1168 (Fla. 4th DCA 2012) ("[I]n proceedings where trial judges are required to determine interim timesharing schedules, the limited nature of a temporary hearing and necessity for quick action by the trial judge requires us to defer to the trial court's exercise of its discretion and not pick apart a trial court's order for technical infirmities. . . . The goal of temporary relief hearings . . . is to promote stability in the lives of children while the divorce is pending, not to decide the final outcome.").

Affirmed.