ON MOTION FOR REHEARING

Per Curiam.
We grant the husband’s motion for rehearing, withdraw our previous opinion, and issue the following opinion in its place.
The wife in an ongoing dissolution of marriage action appeals a trial court order granting the husband’s motion to modify a prior temporary relief order and designating the husband the primary residential parent. We have jurisdiction to review this non-final order. Fla. R. App. P. 9.130(a)(3)(C)(iii)b.
The trial court did not abuse its discretion in modifying its temporary relief order, and we affirm. We write to clarify the standard of review that applies to modification of pretrial, temporary relief orders concerning child custody and time sharing. As explained below, a court is not required to find a “substantial change, in circumstances” in order to modify a temporary custody order entered before any final decree has been entered.

Background

The parties have two minor children. The older child is in elementary school. The younger child is in daycare. In December 2015, the wife filed a petition for dissolution of marriage. In February 2016, the trial court entered an Order for Temporary Relief establishing ' a temporary time sharing schedule and designating the wife as the primary residential parent.[1] The order provided that the older child would be re-enrolled in Jupiter Elementary School in Palm Beach County, Florida. Although neither parent was residing in Jupiter at the time, the wife testified during the February 2016 hearing that she intended to move back there.
In June 2016, the husband filed an amended motion to modify the temporary relief order seeking to become the primary residential parent. Among other things, the motion alleged that the wife resided in Okeechobee County and was subjecting the children to a one-and-a-half-hour drive to and from school each day.
In late July 2016, as the start of the school year approached, the court held an evidentiary hearing on the husband’s motion. At the outset, the court observed that the wife testified during the hearing in February 2016 that she intended on moving back to Jupiter but had not done so. The husband’s counsel explained that he was seeking to modify the temporary relief order because the children needed to be registered for the upcoming school year, and he was concerned about subjecting the *696 children to the long drive from Okeechobee to Jupiter each school day.
The husband testified that he has a close family network in Boca Raton. He lives there with his mother and sister, with other relatives living nearby. About a mile away from the husband’s home was an “A” rated elementary school.
The court took judicial notice of the Palm Beach County School Board policy that requires students to be assigned to schools based on the primary residence of the child’s parent or legal guardian. This rule precluded the child’s assignment to the Jupiter school if neither parent lived in that district.
The wife testified that she had lived in Okeechobee County for about six months. She would prefer to live in Jupiter and intended on doing so, but she had been unable to secure a rental or other housing. She did not intend on enrolling the child in an Okeechobee County school and wanted the child to continue to attend the school in Jupiter despite the lengthy drive. Due to the early hour they had to get up, the children would sleep in their school clothes the night before school. She would carry them from their bed to the car in the morning. They would eat breakfast and brush their teeth in the car.
The trial court entered an order finding that neither parent lived in Jupiter and that such a lengthy commute to school was not in the children’s best interests. The order modified the temporary parenting plan to make the husband the primary residential parent and ordered that the husband’s address be used for school assignment purposes.
The wife appeals this order arguing that the court erred in granting the motion to modify because the husband did not allege or prove, and the trial court did not find, that a substantial change in circumstances had occurred since the temporary relief order was entered in February 2016.

Analysis

Pretrial, temporary child custody and time sharing determinations are subject to a different legal standard than a final custody determination. Temporary relief orders in family law cases “are among the areas where trial judges have the very broadest discretion, which appellate courts are very reluctant to interfere with except under the most compelling of circumstances.” Mullins v. Mullins, 799 So.2d 450, 451 (Fla. 4th DCA 2001) (quoting Pedraja v. Garcia, 667 So.2d 461, 462 (Fla. 4th DCA 1996)). This is because “[tjemporary relief hearings are abbreviated and the relief granted is not final, so the trial judge may revisit temporary relief matters in the final judgment.” Id. As we explained in Hoff v. Hoff, 100 So.3d 1164 (Fla. 4th DCA 2012), “in proceedings where trial judges are required to determine interim timesharing schedules, the limited nature of a temporary hearing and necessity for quick action by the trial judge require us to defer to the trial court’s exercise of its discretion and not pick apart a trial court’s order for technical infirmities.” Id. at 1168.
In Hoff, therefore, we held that a trial court setting a pretrial, temporary parenting plan does not commit reversible error in failing to make explicit findings on the best interests of the child or on the factors in section 61.13(3), Florida Statutes, which dictates in part that “a time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances.” See Hoff, 100 So.3d at 1168; § 61.13(3), Fla. Stat. We reasoned:
*697 The goal of temporary relief hearings ... is to promote stability in the lives of children while the divorce is pending, not to decide the final outcome.
Contested temporary relief hearings are not and should not be as lengthy as contested final hearings. The parties need to obtain temporary relief expeditiously. Shorter hearings are required to accomplish that goal. ... As long as the trial court’s decision is based on competent, substantial evidence and not an abuse of discretion, it will be affirmed.
Hoff, 100 So.3d at 1168; see also Shiba v. Gabay, 120 So.3d 80, 83 (Fla. 4th DCA 2013) (recognizing that pre-judgment, temporary relief orders determining time sharing and child custody are subject to an abuse of discretion standard of review).
For the same reasons, a trial court’s ruling modifying a pretrial, temporary relief order on child custody or time sharing is subject to an abuse of discretion standard of review.
A substantial change in circumstances must be shown to modify a child custody determination only where a final judgment or decree was previously entered determining the issue. Unless otherwise provided in the final judgment, the substantial change test applies to the modification of a final divorce decree regardless of whether the custody award came after a stipulated agreement between the parties or an adversarial hearing. Wade v. Hirschman, 903 So.2d 928, 934 (Fla. 2005). “In either circumstance, satisfaction of the substantial change test is necessary in order to overcome the res judicata effect of the final judgment.” Id. The court described the origins of this rule:
A final divorce decree providing for the custody of a child can be materially modified only if (1) there are facts concerning the welfare of the child that the court did not know at the time the decree was entered, or (2) there has been a change in circumstances shown to have arisen since the decree. Belford v. Belford, 159 Fla. 547, 32 So.2d 312, 314 (1947). This rule promotes the finality of the judicial determination of the custody of children. After the trial court enters the original final judgment decree, it is res judicata of the facts and circumstances at the time the judgment became final. Thus, there is a presumption in favor of the reasonableness of the original decree. Id. This presumption may be overcome when changes in circumstances have arisen which warrant and justify modification of the original decree.
Id. at 932-33 (emphases added); see also Frazier v. Frazier, 109 Fla. 164, 147 So. 464, 465-66 (1933) (recognizing that it is a final decree of the court fixing custody of the child that “is to be regarded as res adjudicata as of the time of the decree”); § 61.13(2)(c), (3), (providing the standard for modification of a parenting plan in a final judgment of dissolution); § 61.14(11)(a), Fla. Stat. (recognizing that a “court may, upon good cause shown, and without a showing of a substantial change of circumstances, modify, vacate, or set aside a temporary support order before or upon entering a final order in a proceeding”) (emphasis added).
Accordingly, the wife’s argument that the trial court erred in failing to find a substantial change in circumstances when modifying its temporary relief order is without merit. Under the circumstances of this case, the trial court did not abuse its discretion in modifying the temporary re *698 lief order.[2]

Affirmed.

Ciklin, C.J., Levine and Forst, JJ., concur.

. The trial court's order provided that the terms ‘‘primary residential parent” and “secondary residential parent,” used in the temporary relief order, "have no meaning whatsoever other than to identify [the time sharing] schedule each party will follow.”

. The wife's argument that the trial court misapplied the parental relocation statute, section 61.13001, Florida Statutes, is misplaced. The trial court did not modify its temporary relief order based on this statute.