NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILLIAM BECK,            )
                                  )
         Appellant,       )
                                  )
v.                               )      Case No. 2D18-2319
                                  )
CASSANDARA LEWIS and CAROL    )
HOWARD,                     )
                                  )
         Appellees.      )
_____ )

Opinion filed August 9, 2019.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Pinellas County;
Kathleen T. Hessinger, Judge.

Elaine L. Thompson, Brandon, for
Appellant.

William S. Foley, Bryan C. Dion and
Kymberly A. Starr of William S. Foley,
P.A., Tampa, for Appellee Cassandara
Lewis.

No appearance for remaining Appellee.


SILBERMAN, Judge.

        William Beck (the Father) appeals a nonfinal order entitled "Order

Terminating Chapter 751 Temporary Custody Order and Entering Temporary Custody

Order Between the Parents" (the Temporary Order) that grants to Cassandara Lewis

(the Mother) temporary primary custody of their child, J.B. Although the Father raises several issues on appeal, we conclude that he has not established reversible error and affirm the Temporary Order.

The Temporary Order terminates an earlier order that granted temporary custody of J.B. to Carol Howard, the maternal grandmother (the Grandmother). See § 751.05(6), Fla. Stat. (2015). While the Grandmother had temporary custody of J.B., the parents were still married; however, they were separated and the Mother lived out-of-state. After the Mother sought to dissolve the earlier order as to the Grandmother and reestablish the Mother's custody of J.B., the Father filed a petition for dissolution of marriage that sought majority time-sharing with J.B. Due to the unusual procedural posture of the case, the Temporary Order resulted from a single hearing the trial court conducted in the custody case and the dissolution case.

In addition to terminating the earlier order, the Temporary Order granted the Mother primary custody of J.B., established time for the Father to spend with J.B., and addressed transportation expenses. Among the issues the Father raises on appeal are challenges to the time-sharing and the related financial expenses he will incur. We review a time-sharing determination for competent substantial evidence. See Liguori v. Liguori, 210 So. 3d 117, 119 (Fla. 2d DCA 2016); Hoff v. Hoff, 100 So. 3d 1164, 1168 (Fla. 4th DCA 2012). The trial court has broad discretion in entering temporary custody and time-sharing orders. See Riddle v. Riddle, 214 So. 3d 694, 696 (Fla. 4th DCA 2017). Because the record contains competent substantial evidence to support the Temporary Order and does not reflect an abuse of discretion by the trial court, we affirm the Temporary Order.

The Temporary Order provides for the Father to have time with J.B. during the summer, holidays, and one weekend per month. The Father asserts that weekend visits impair his ability to earn a living because part of his income is derived from working weekends as a DJ. He also contends that the financial burdens imposed on him in the Temporary Order adversely impact his ability to maintain a meaningful relationship with J.B. Although we have determined that the Father has not established reversible error, we note that the trial court must again consider the parties' circumstances, including financial, before it enters a final judgment that establishes a parenting plan with a time-sharing schedule and child support pursuant to the requirements of section 61.13, Florida Statutes (2015). See Aranda v. Padilla, 216 So. 3d 652, 654 (Fla. 4th DCA 2017) (reversing a final judgment when the trial court "fail[ed] to consider the parties' respective financial positions" in apportioning travel costs associated with time-sharing). Of course, when entering the final judgment, the trial court may revisit its decision on temporary relief based on the evidence presented to it at the final hearing. See Riddle, 214 So. 3d at 696 (recognizing that a trial court may revisit relief granted in a temporary order when entering final judgment).

Affirmed.

LaROSE and ATKINSON, JJ., Concur.