# Third District Court of Appeal

## State of Florida

Opinion filed November 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1018
Lower Tribunal No. 19-11545
_____

**Michelle Saenz,**
Appellant,

vs.

**Roberto Sanchez, III,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

Reid Levin, PLLC and Reid Levin (Boca Raton), for appellant.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for appellee.

Before LOGUE, C.J., and EMAS and BOKOR, JJ.

LOGUE, C.J.,

Michelle Saenz (the "Mother") is appealing a non-final order, issued following a three-day evidentiary hearing, ordering that her eldest child,

B.M.S., continue attending military school, and that Roberto Sanchez III (the "Father") continue to maintain 100% timesharing of the parties' three minor children, with the Mother having no contact or communication with the minor children pending final trial of this matter. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(iii)(b); see, e.g., Mezei v. Tzynder, 307 So. 3d 83, 83 (Fla. 3d DCA 2020) (reviewing non-final temporary order granting father overnight timesharing under rule 9.130(a)(3)(C)(iii)(b)).

Florida law recognizes that pretrial, temporary child custody and timesharing determinations are subject to a different legal standard than final custody determinations. Riddle v. Riddle, 214 So. 3d 694, 696 (Fla. 4th DCA 2017). "Temporary relief orders in family law cases are among the areas where trial judges have the very broadest discretion, which appellate courts are very reluctant to interfere with except under the most compelling of circumstances." Id. (internal citation omitted). This is generally because the relief granted is not final and the trial judge may revisit temporary relief matters in the final judgment. Id. "The goal of temporary relief hearings [ ] is to promote stability in the lives of children while the divorce is pending, not to decide the final outcome." Hoff v. Hoff, 100 So. 3d 1164, 1168 (Fla. 4th DCA 2012).

The orders on appeal here reflect such pretrial, temporary child custody and timesharing determinations by the trial court during an ongoing divorce proceeding. Trial on the parties' dissolution petitions is presumably underway, according to the information provided by the parties, thus a final determination on the issue of timesharing and child custody should be forthcoming. For present purposes, the question before the Court is whether the trial court abused its discretion in temporarily ordering that B.M.S. continue to attend military school and the Father continue to exercise 100% timesharing, with the Mother having no contact or communication with the minor children.

The trial court conducted a three-day evidentiary hearing on May 8-10, 2023. The Mother contends the trial court violated her due process rights and abused its discretion by placing the burden on her to show a substantial, material, unanticipated change in circumstances warranting modification of the Father's 100% timesharing and the return of B.M.S from military school. A review of the record, however, demonstrates the inaccuracy of this argument.

While the trial court does refer to a lack of evidence indicating any change in circumstances, this does not equate to applying the "extraordinary burden" of demonstrating "a substantial, material, and unanticipated change

in circumstances" warranting modification of a parenting plan and timesharing schedule. Alence v. Matheson, 351 So. 3d 1265, 1270 (Fla. 2d DCA 2022); see also § 61.13(2)(c), Fla. Stat. (2022); Paskiewicz v. Paskiewicz, 967 So. 2d 277, 279 (Fla. 3d DCA 2007). This legal standard applies only to a motion for modification that is filed after the trial court has established a final timesharing plan, not a temporary child custody and timesharing determination as we have here.

A review of the evidentiary hearing transcripts as a whole demonstrates that the trial court here did apply the correct legal standard— namely, the best interest of the three minor children. The trial court heard and considered evidence and testimony from the Mother regarding why military school was not in B.M.S.'s best interest, including evidence of alleged incidents that occurred at the military school, and why it was not in the best interest of the minor children to be denied timesharing with their mother, including evidence that the minor children's grades and schooling were suffering.

The trial court also heard and considered evidence from the Father regarding why it was in B.M.S.'s best interest to continue attending military school, including testimony regarding substantial improvements in B.M.S.'s behavior and attitude, and why it was in the minor children's best interest to

continue to have no contact or timesharing with the Mother, including evidence that the minor children were actually receiving the education and schooling they needed and their behavior and attitude had significantly improved.

Finally, the trial court considered testimony from the minor children's guardian ad litem, as well as a report, which also recommended B.M.S. continue attending military school and the minor children continue to have no timesharing or contact with the Mother and referenced the Mother's psychological evaluation and the need for therapeutic intervention.

After considering this evidence, the trial court ruled that it was in the best interests of the children at the present time that B.M.S. remain in military school and that the Father continue to maintain 100% timesharing, with the Mother continuing to have no contact with the children, pending the final trial. This conclusion is supported by competent substantial evidence presented over the course of the three-day evidentiary hearing. Therefore, the trial court did not abuse its discretion.

Affirmed.